## ROGER C. GUTHRIE, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Criminal Law:** INDICTMENT REFERRING TO THIRD PERSONS AS UNKNOWN. At common law, in cases where an indictment referred to third parties as persons to the grand jury unknown, if upon the trial it was made to appear that the grand jury did know the names of the persons referred to, the accused would have to be acquitted on the ground of a variance between the allegations of the indictment and the proofs. But it was not necessary for the state to prove the truth of the allegation beyond a reasonable doubt.

2. ———: ———: VARIANCE NOT FATAL. The indictment in this case alleged that the sum of $300 was paid to plaintiff in error as a bribe by one C. B., "and others whose names are to the grand jurors unknown." The proof showed that the money was paid by C. B. for the purpose alleged in the indictment. *Held,* That the variance was not fatal and that the district court was justified, under the provisions of section 413 of the criminal code, in disregarding it.

3. ———: BRIBERY: EVIDENCE. Under the allegations of the indictment and the circumstances of the case as shown by the testimony, it was held competent for the state to prove other acts of bribery than those alleged in the indictment for the pur-

pose of corroborating the principal witness upon material facts involved in the original contract of bribery, and also for the purpose of showing the system, plan, and design of the parties involved in the transaction alleged in the indictment.

4. **Construction of Statute.** Section 105 of the act to incorporate cities of the first class, etc., page 102 of the Compiled Statutes, does not repeal section 175 of the criminal code.

ERROR to the district court for Douglas county. Tried below before NEVILLE, J.

*C. A. Baldwin* (*C. J. Greene* and *E. F. Smythe* with him), for plaintiff in error.

*Isaac Powers, Jr., Attorney General,* for the State.

REESE, J.

The plaintiff was indicted by the grand jury of Douglas county for the crime of receiving a bribe. Upon trial he was convicted and sentenced to the penitentiary. He now prosecutes error in this court, alleging various errors, which will be noticed in the order presented by his brief.

As the principal objections made by plaintiff in error either apply directly to or in some way refer to the allegations of the indictment, we quote the charging part thereof, which is as follows: "That the said Roger C. Guthrie, in the city of Omaha," etc., "being then and there a ministerial officer, to-wit, the city marshal of the city of Omaha, duly and legally appointed, confirmed, qualified, and sworn to discharge the duties of that office, it being an office of importance and trust concerning the administration of public justice, law, and order within said city, county, and state, contriving and intending the powers and duties of his said office and the trust and confidence thereby reposed in him to violate, prostitute, and betray, and contriving and intending then and there the powers and duties of his said office to discharge and perform with par-

tiality and favor and contrary to law, and then and there with the intent aforesaid unlawfully, knowingly, corruptly, and feloniously take, accept, and receive from Charles Branch and others, whose names are to the jurors unknown, the sum of three hundred dollars in money of the value of three hundred dollars, as a bribe and pecuniary reward, offered and given by the said Charles Branch and others, and by the said Roger C. Guthrie taken, accepted, and received, with the intent and purpose to induce him, the said Roger C. Guthrie, in his office aforesaid, to permit, authorize, and allow certain gamblers, to-wit, Charles S. Higgins, Seth C. Baldwin, Hiram B. Kennedy, Goodley Brocker, James Morrison, William Soderstron, Charles Branch, and others to the grand jurors unknown, to keep, use, and occupy buildings and rooms for the purpose of and devoted to gambling, to exhibit gaming tables, gaming establishments, gaming devices, and other apparatus to win and gain money, and to carry on, conduct, and prosecute the habit, practice, and profession of gambling in the corporate limits of the city of Omaha, and to induce and influence him, the said Roger C. Guthrie, then and there and thereafter not to arrest nor cause to be arrested the said gamblers, and to keep and protect them from arrest and punishment, and free, clear, and exempt from municipal or police molestation, interference, or attack while engaged in the business, practice, and profession of gambling as aforesaid, in violation of law," etc.

The first point presented is, that the indictment charges that the contract of bribery was made with and the money paid by Charles Branch "and other persons to the grand jurors unknown," and no proof was offered by the state on the trial to show that the allegation referring to the "persons to the grand jurors unknown" was true. Plaintiff in error requested the court to instruct the jury as follows: "The jury are instructed that one of the allegations of the indictment is, that the money charged to have been received

by the defendant as a bribe was so paid to him by Charles Branch and other persons whose names are to the jurors unknown. This is a material allegation in the indictment, and unless you are satisfied beyond a reasonable doubt that that allegation of the indictment is true, it is your duty to acquit the defendant." This instruction was refused by the court, to which plaintiff in error excepted, and now assigns such refusal as error.

Upon the question here presented we have only to say that if the doctrine of the common law was in force in this state, yet we could not hold the action of the court in refusing the instruction to be erroneous, for the reason that the instruction does not correctly state the law. It attaches too much importance to the allegation in question.

While it is, perhaps, true at common law that if it was shown that this particular allegation was untrue, that the grand jury did know the parties whose names were omitted, then that an acquittal must follow. But it by no means follows that this allegation, like those which are met by the presumption of innocence, must be proved by the state beyond a reasonable doubt. Upon the contrary quite a different rule is to be applied, and the burden is on the defendant to show that the grand jury at the particular time of finding the indictment knew the names of the party described as unknown. *Com. v. Gallagher*, 126 Mass., 54. *Com. v. Hill*, 11 Cush., 137. *Com. v. Tompson*, 2 Cush., 551. *Rex v. Bush*, R. & R., 372. Wharton's Crim. Ev., § 97. The doctrine contended for by plaintiff in error can be found in *Stone v. The State*, 30 Ind., 115, but Wharton in his work on Precedents of Indictments and Pleas, vol. 1, p. 18, refers to this decision as pushing the doctrine to a "questionable extreme," and such is evidently the case.

The indictment in this case specifies the payment of the money by Branch, and this allegation is fully sustained by the proof. Branch testifies that he paid the

money to plaintiff in error for the corrupt purpose stated in the indictment. The fact that the pleader, prompted possibly by over caution on account of the peculiar character of his testimony, and the uncertainty which naturally suggested itself as to its reliability, followed the name of Branch by the words referred to, could not possibly work any prejudice to plaintiff in error. But suppose the doctrine of the common law applied ordinarily to the clause in question with all the force claimed by plaintiff in error, the decision of the district court would still be correct under the provisions of section 413 of the criminal code. That section is as follows: " Whenever on trial of any indictment for any offense, there shall appear to be any variance between the statement of such indictment, and the evidence offered in proof thereof in the Christian name or surname, or both Christian and surname, or other description whatever of any person whomsoever therein named or described, or in the name or description of any matter or thing whatsoever therein named or described, such variance shall not be deemed ground for an acquittal of the defendant, unless the court before which the trial shall be had shall find that such variance is material to the merits of the case or may be prejudicial to the defendant." Compiled Statutes, 727. This section ends all dispute as to the question before us, as the variance is one which could not in any event result in any prejudice or injury to plaintiff in error.

It is insisted by plaintiff in error that the court erred in permitting the state to prove other, separate, and distinct acts of bribery, which it is claimed were not connected with the principal contract alleged in the indictment and proved on the trial. It must be observed that the indictment charges the receipt of money by plaintiff in error as an inducement to and consideration for allowing certain persons to carry on and prosecute their business of keeping gambling houses unmolested by him, not only at the time

at which the money was received, but during a time in the future. The testimony of Branch shows that plaintiff in error approached him and gave him to understand that money would have to be paid or the gambling houses would have to close up. The testimony shows further that Branch paid him the $300, and at the same time it was agreed that the gambling houses might continue to carry on their business so long as they paid $50 per month each. That the $300 was only to pay up to a certain date, and after that date the business should be continued, providing the $50 per month was paid. The testimony shows that Branch was, in one sense, the agent of plaintiff in error in these transactions, as well as the representative of other gamblers. When accosted by them plaintiff in error directed them to see Branch, who would tell them what to do, and when they wanted to pay him money in pursuance of the contract made with Branch, he told them to do as they had done before see Branch. It is clearly shown that the agreement was a continuing one, and contemplated a system of payments to be made in the future, and for which the same course was to be pursued by plaintiff in error as for the $300. It was known by plaintiff in error when Branch received money, and no gambling house was molested after its share of the money had been paid. He was fully advised of what occurred in the workings of the plans and designs, not only at the time of the receipt of the $300, but at all times, so long as the system under which they were working continued. This system was fully developed and exposed by Branch in his testimony. It was properly admitted as a part of the transaction in which the $300 was paid by Branch to plaintiff in error. The fact of the carrying out of this system was proper evidence for the purpose of corroborating the testimony of Branch, and showing the purpose, understanding, and intent with which the money was received as alleged in the indictment, and for the purpose of showing the system

under which these several transactions were had. For these purposes the testimony was competent. *State v. Bridgman,* 49 Vt., 202. *Thayer v. Thayer,* 101 Mass., 111. *Kramer v. Com.,* 87 Penn. St., 299. *Rex v. Hough,* R. & R. Crown Cases, 120. *Rex v. Ball,* Id., 132. *Com. v. Price,* 10 Gray, 472. *Rex v. Frances,* 12 Cox, C. C., 612. *Id. v. Garner,* 4 F. & F., 346. Wharton's Crim. Ev., sec. 38, *et seq.*

It is next claimed that the prosecution should have been under section 105 of the act for the incorporation of cities of the first class (Comp. Stat., 102), instead of under section 175 of the criminal code. Section 175 of the criminal code makes the act of receiving a bribe by an officer a crime, and provides the punishment therefor. This section is of uniform operation throughout the state and applies to all cases of the kind. Section 105 above referred to is limited to city officers, and is mainly intended to prohibit the officers of such city from being interested in contracts for improvements, etc., entered into by the city, and to prohibit them from accepting or receiving anything of value for their influence or vote. It has no application to cases of the kind under consideration.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.