Thomson, J.,
delivered the opinion of the court.
Samuel H. Sault, plaintiff in error, was convicted of re *503 ceiving stolen goods. The information upon which he was tried charges that he received the property from some person to the district attorney unknown.- The principal witness for the prosecution was one Charles Edwards, who swore that he stole the goods and sold them to the defendant, Sault. He also testified that, before the information was drawn, he was in the office of the district attorney, and told him that he had stolen the goods and sold them to Sault — that he made this statement to Col. Dennison. The record shows that Dennison was the deputy district attorney who verified the information. There was no other evidence on that point in the ease made by the prosecution.
At the close of the case for the people, counsel for defendant, Sault, moved the court to discharge the defendant, for the reason that the information charged that the goods were received by Sault from some person to the district attorney unknown; whereas the testimony showed that at the time the information was prepared the name of the person from whom the goods were received was known to the district attorney. The motion was denied. This was el-ror.
“ As it is required, in indictments, that the names of the persons injured, and of all others whose existence is legally essential to the charge, be set forth, if known, it is, of course, material that they be precisely proved as laid. Thus the name of the legal owner, general or special, of the goods stolen or intended to be stolen, must be alleged and proven. And if the person be described as one whose name is to the jnrors unknown, and it be proven that he was known, the variance is fatal, and the person will be acquitted.” 3 Greenl. on Ev. § 22. ,
“ Where a third person cannot be described by name, it is enough to charge him as a certain person to the jurors aforesaid unknown, which, as will presently be seen, is correct, if the party was at the time of the indictment unknown to the grand jury, though he became known afterwards. * * * But if the third party’s name be known to the grand jury, or could have been known by inquiry of witnesses at hand, the allega *504 tion will be improper, and the defendant must be acquitted on. that indictment, though he may be afterwards tried upon a new one, in which -the mistake is corrected.” Wharton’s Crim. Pl. & Pr. §§ 111, 112.
“ When a third person is described as a person to the grand jurors unknown, and it turns out that he was known to the grand jurors, the variance is fatal.” Wharton’s Crim. Ev. § 97.
Where the name of such third person, even if unknown, might have been ascertained by the use of reasonable diligence, the effect is the same as if the name was actually known. Jorasco v. The State, 6 Tex. App. 238.
The rule laid down by the authorities is not a mere arbitrary one. It is the right of a defendant in a criminal case to be informed of the charges against him as fully as it is in the power of the prosecution to inform him, so that he may be enabled intelligently to prepare his defense. Where he is charged with larceny, the name of the person from whom the property was stolen; where with murder, the name of the person" killed; where with receiving stolen goods, the name of the owner of the goods, and of the person from whom they were received, — must be set out in the indictment or information, and only the inability to ascertain such names will excuse the failure to give them. See also, State v. Perkins, 45 Tex. 10; State v. Beattie, Phillips (N. C.) 52.
The motion should have been sustained and the defendant discharged.
The judgment will be reversed.

Beversed.