## SULLIVAN v. THE PEOPLE.

1. EVIDENCE.
Statements of third persons in the absence of the accused are not ad-
missible in evidence against him.
2. PRACTICE IN CRIMINAL CASES—INFORMATION—ALLEGATIONS AND
PROOF—VARIANCE.
It is essential that the information charging a larceny set forth the
name, if known, of the owner of the property alleged to have been
stolen, and this must be proved precisely as laid.
3. SAME.
The allegation in the information was that the money alleged to have
been stolen was the property of Michael Johnson, and the proof

was that it belonged to Mike Johnson. *Held*, that the variance was fatal.

*Error to the District Court of Arapahoe County.*

Mr. THOMAS WARD, JR., and Mr. H. L. EMERSON, for plaintiff in error.

THE ATTORNEY GENERAL and Mr. H. T. SALE, of counsel, for the People.

THOMSON, J., delivered the opinion of the court.

The information charges that on the 29th day of January, 1894, Maud Sullivan and Timothy Drew feloniously stole, took and carried away $418 in money, the property of Michael Johnson.

The prosecuting witness, who claimed the ownership of the money, testified that his name was Mike Johnson, and that the money was taken from him in the wine room of Drew's saloon, and consisted of four one hundred dollar bills, and eighteen dollars in silver. There was no direct proof that the defendant, Maud, took the money, or participated in any way in taking it, or ever had any portion of it. The only evidence that it was taken at all, was the statement of Johnson, that when he went into the wine room it was in his possession, and when he was preparing to leave, it was gone. The evidence tended to show that there were in the room, besides Johnson and the defendants Maud and Drew, one Esau Davis and a man named Burns. A witness, Daniel Carr, was permitted to testify, against defendants' objection, that a short time after the alleged loss of the money, while he was engaged in a game of poker at the Arcade saloon, Davis came to him with a hundred dollar bill, and asked him to have it changed, saying that he got it from Drew. Neither of the defendants was present when this took place. Afterwards, the court ordered the statement of what Davis said as to where he got the bill stricken out; the jury, however, were not instructed to disregard it.

The court instructed the jury to return a verdict of not guilty as to Drew, and counsel for Maud requested a like instruction in her behalf, which was denied. This ruling, and that admitting the testimony of Carr, are assigned for error.

The theory of the prosecution is that there was a conspiracy on the part of Maud, Drew, Davis and Burns, to rob Johnson; and that, in pursuance of this, Maud took the money, and transferred it to Drew, who gave it to Davis. But all this is pure supposition. There is nothing whatever in the evidence to authorize it. There was the coincidence that Johnson said his money was in hundred dollar bills, and that the bill Davis had was a hundred dollar bill; and there was also the evidence that Davis was in the room when the money is alleged to have been stolen; but these facts fall considerably short of establishing a conspiracy, or a larceny by Maud, or that the bill Davis had was not his own money. Whether the action of the court in striking out of Carr's testimony the statement of Davis as to where he got the bill was sufficient to cure the error of its admission we shall not stop to discuss. The rest of the testimony was permitted to stand, and it does not need the citation of authorities to prove that it was incompetent, and its admission error. And it was probably not harmless. The far-fetched argument drawn from the presence of Davis in the room at the time of the alleged larceny, and his subsequent possession of a bill of the same denomination with Johnson's bills, may have had an influence in persuading the jury to adopt the prosecution's theory.

Furthermore, the instruction to acquit Maud should have been given, because the proof of the ownership of the money did not sustain the charge in the information. The allegation was that the money was the property of Michael Johnson, whereas the evidence was that it belonged to Mike Johnson. It was essential that the information should set forth the name, if known, of the owner of the money alleged to have been stolen; and, the name having been set forth, that it should be proved precisely as laid. The law gives the accused

the right to know exactly what he is required to meet, to the full extent of the ability of the prosecution to inform him ; and he cannot be confronted with one charge and convicted upon another.    *Moynahan v. The People*, 3 Colo. 367 ; *Sault v. The People*, 3 Colo. App. 502.

Michael Johnson is not Mike Johnson, and the variance between the allegation and the proof was fatal.

The judgment will be reversed.

*Reversed.*