[Crim. No. 547.   Department Two.—October 20, 1899.]

## THE PEOPLE, Respondent, v. PATRICK HENRY HURLEY, Appellant.

CRIMINAL LAW—OFFER TO RECEIVE BRIBE FROM CANDIDATE FOR NOMINATION—CONSTRUCTION OF CODE—OFFER OF BRIBE—INTENT.—It is not necessary to constitute the offense of the offer of a member of a nomination convention to receive a bribe from a candidate for a nomination to office, under section 57 of the Penal Code, that the candidate must have previously offered a bribe to such member. The words "offer to receive any such bribe" do not refer to a bribe offered or given, but refer to the previously expressed intent that such member should through a bribe be influenced to be more favorable to one candidate than another.

ID.—DATE OF MEMBERSHIP IN NOMINATING CONVENTION—OFFER TO RECEIVE BRIBE PRIOR TO CONVENTION.—A delegate elected to a nominating convention is a member thereof from the date of the primary election at which he was chosen, within the meaning of section 57 of the Penal Code, and, as such member, he may be guilty of offering to receive a bribe from a candidate for nomination before the convention prior to the meeting thereof.

ID.—STRICT CONSTRUCTION OF PENAL STATUTES—COMMON SENSE—INTENTION OF LEGISLATURE.—The rule as to the strict construction of penal statutes is to be applied only where the effect of the statute is reasonably open to question. It does not preclude a common-sense interpretation of the statute to avoid an absurdity, and to carry out the manifest intention of the legislature, and give

effect to the plain and full meaning of the words used, or even the more extended of two meanings, if it better harmonizes with the context.

ID.—EVIDENCE OF DISTINCT OFFENSE—OFFER MADE TO RIVAL CANDIDATE. Evidence of a distinct substantive offense cannot be admitted in support of a charge of another offense; and, upon the trial of a defendant charged with offering to receive a bribe from a certain named candidate for office, it is error to admit evidence of a distinct offer of a similar nature made to a rival candidate for the same office.

APPEAL from a judgment of the Superior Court of Napa County and from an order denying a new trial. E. D. Ham, Judge.

The facts are stated in the opinion.

E. L. Webber, Webber & Rutherford, and George E.' Caldwell, for Appellant.

Tirey L. Ford, Attorney General, and C. N. Post, Assistant Attorney General, for Respondent.

HAYNES, C.—The defendant was indicted by the grand jury of Napa county for offering to accept a bribe, was tried, convicted, and sentenced to imprisonment in the state's prison for the term of one year, and appeals from the judgment and an order denying a new trial.

The defendant demurred to the indictment, and his demurrer was overruled. After conviction and before sentence he moved in arrest of judgment, and, that motion having been denied, he moved for a new trial, and that motion was also denied.

The defendant was indicted under section 57 of the Penal Code, which is as follows: "Every person who gives or offers a bribe to any officer or member of any legislative caucus, political convention, committee, primary election, or political gathering of any kind, held for the purpose of nominating candidates for offices of honor, trust, or profit, in this state, with intent to influence the person to whom such bribe is given or offered to be more favorable to one candidate than another, and every person, member of either of the bodies in this section mentioned, who receives or offers to receive any such bribe, is pun-

ishable by imprisonment in the state's prison not less than one nor more than fourteen years."

The indictment charged, in substance, that at a primary election held in the Veterans' Home precinct on September 14, 1898, the defendant was elected a delegate to the regular Republican county convention, to be held on September 22d, for the purpose of nominating candidates for the various county offices of said county, among which was the office of superintendent of schools; that John A. Imrie was a candidate for the nomination to said office by said convention; that on the twenty-first day of September, 1898, the defendant, as such delegate and member of such convention, did unlawfully and feloniously offer to receive from said John A. Imrie, as such candidate for said office, a bribe of ten dollars, with the willful, unlawful, and felonious intent that it should influence him, said Hurley, to be more favorable as such delegate to said Imrie, as such candidate, than to any other person seeking said nomination.

Appellant contends "that, before he could have been guilty of any crime, Imrie, the candidate, must have offered appellant a bribe and appellant must have received, or offered to receive, such bribe."

This construction cannot be sustained. It is, in effect, that a delegate to a nominating convention may, without violating this statute, offer to receive money in consideration of his vote or influence in favor of a candidate if the candidate has not offered to bribe him, and that he violates it only when a candidate offers him a bribe for his vote or influence and the delegate offers to accept the offered bribe. It may be assumed as a general rule that, when the transaction arrives at the stage of mutual offers to give and receive, it does not halt long enough to permit a prosecution for the offense of offering to give or receive a bribe.

Counsel seem to think the words "such bribe" in the last clause of the section refer to the bribe offered or given to any officer or member of a political convention, and that the offense described in the last clause consists in offering to accept it. If Imrie, the candidate, had approached the defendant and offered to give him ten dollars for his vote, or for his influence as a member of the convention, he, Imrie would have been

guilty of offering a bribe under the first clause of the section, whereas, if the defendant offered his vote or influence in favor of Imrie if Imrie would pay him ten dollars, the defendant would be guilty under the last clause—the words "such bribe" referring to the intent, in the first case, to secure the influence or vote of the delegate in favor of the candidate, and in the second case to an offer by the delegate to receive a bribe for such or the like vote or influence.

The nominating convention was to be held on the twenty-second day of September, and the offer to receive the bribe charged in the indictment was on the day before the convention met; and it is argued on behalf of appellant that he was not, at the time the alleged offer was made, a member or officer of any convention, and was, therefore, not guilty of any offense under said statute.

This construction would leave the delegates to a nominating convention free to indulge in bribery with perfect security up to the moment of the organization of the convention, and in many cases permit coin to dictate nominations that otherwise would never be made. It cannot be assumed that the legislature intended to shut the door against corruption only during the sitting of the convention, and to leave it conveniently open until the moment of its organization. Such construction of the statute cannot be indulged unless its language requires it. Its language is: "And every person, member of either of the bodies in this section mentioned, who receives or offers to receive any such bribe."

The primaries for the election of delegates to the convention were held on the 14th of September, and the defendant was elected that day, and the question is, whether he then became a member of the convention within the meaning and for the purposes of the statute. No oath of office or bond or other formality is required to complete his qualification as a member. The fact of his election is all that is required. He is then the representative of his constituents, and his obligation to them to honestly and faithfully represent them commences at that time. The power of the convention only extends to the ascertainment of the fact of his election as a representative of his precinct and adds nothing to his qualification as an officer or delegate.

His offense was primarily and principally against his constituents, though affecting injuriously the people of the whole county. In speaking of the rule in regard to the strict construction of penal statutes, Judge Sutherland, in his work on Statutory Construction, page 441, says: "Nor does it preclude the application of common sense to the terms made use of in the statute to avoid an absurdity which the legislature ought not to be presumed to have intended. Though a statute may be of a class which must be construed strictly, it is nevertheless to be so construed as to effect the intention of the legislature. Effect is to be given to the plain meaning of the language, and strict construction is to be applied only where the effect is reasonably open to question. The rule that penal statutes are to be construed strictly is not violated by allowing their words to have their full meaning, or even the more extended of two meanings, where such construction better harmonizes with the context."

One of the definitions of the word "member," given by the Century Dictionary, is: "A person considered in relation to any aggregate of individuals to which he belongs; particularly one who has united with or has been formally chosen as a corporate part of an association or public body of any kind." So we often speak of members of the legislature or members of Congress, though the body of which the person is such member is not organized or in session. This contention of appellant is not sustained.

The points already discussed dispose of the two requests made by the defendant to instruct the jury, and they need not be specially considered. They were each properly refused.

A witness called by the prosecution testified that she was a candidate for the office of county superintendent of schools, and had a conversation with the defendant, after he was elected a delegate, in regard to her candidacy, and was asked to state what that conversation was. The defendant objected that it was immaterial, irrelevant, and incompetent unless the prosecution connected Imrie with it. The district attorney stated that defendant made certain statements to the witness to the effect that he wanted money for his vote, and that the evidence would tend to show whether or not he approached Imrie. The court said: "If it tends to prove another crime, it perhaps would not

be admissible, but, if it simply tends to show that he was announcing a proposition to make a demand for money from candidates, it perhaps would be, if it is with a view tending to show whether he may have approached Imrie, who he says approached him."

The objection was overruled, and the witness testified, in substance, that she called on the defendant the day after the primaries, and informed him that she was a candidate for county superintendent of schools; that defendant took a paper out of his pocket and showed her a list of the names of the men whom he had on his ticket at the primary, and talked some time, and finally said: "Well, don't you understand what I mean?" Witness said: "No"; and he said: "Well, if you get the office you will live on beefsteak, and what am I going to live on, hash?" that she could not repeat all his words, but that his vote would be had for some equivalent.

The court erred in receiving this testimony. There was no connection between the interview with Miss Thomas and that with Mr. Imrie. Its only effect would be merely to show that he was likely to ask other candidates for a consideration for his vote or influence, or, as said by the district attorney, "It will tend to show whether or not he approached this other candidate"; but if it had that tendency it was only because he had shown himself capable of perpetrating such offenses. There was no necessary or logical connection between the two cases. "That evidence of a distinct and substantive offense cannot be admitted in support of a charge of the commission of another offense is a general rule laid down by all the authorities." (*People v. Lane*, 100 Cal. 385. See, also, Wharton's Criminal Evidence, sec. 29.)

The demurrer to the indictment and the motion in arrest of judgment were properly overruled, but for the error in overruling the defendant's objection to the evidence of Miss Thomas the judgment and order appealed from should be reversed and a new trial granted.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and a new trial granted.
                    McFarland, J., Temple, J., Henshaw, J.