CHARLES ENSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. By statute, bank notes and money are made the subject of larceny; and, where the required degree of certainty cannot be used in specifying the pieces or denominations of coins stolen or the number and denomination of bank bills, it will be enough to state that a better description than that given is unknown to the prosecuting solicitor or to the grand jury as the case may be.

2. In a prosecution for larceny, under the plea of not guilty, the allegation in the information of the prosecuting solicitor's want of knowledge of a better description of the property stolen is traversable and the subject of inquiry, and an information false in this respect will not support a conviction.

3. In a prosecution for larceny under the plea of not guilty; where the information alleges the prosecuting solicitor's want of knowledge of a better description of the property stolen, the defendant may not be acquitted upon proof that the solicitor could easily have known a better description of the property stolen. The fact that the solicitor could easily have ascertained a better description of the property may be evidence that he knew the same, but it is not conclusive, and cannot be made an absolute test of the sufficiency of the allegation that he did not know.

4. In a prosecution for larceny, where the information alleges that a more particular description of the property is unknown to the prosecuting solicitor, and there was no evidence that the solicitor knew a more particular description of the property alleged to have been stolen, the court properly refused to give an instruction predicating defendant's right to an acquittal on the fact that the solicitor could easily have known a better description of the property than that given in the information.

5. In a prosecution for larceny of bank bills and notes and silver specie, the information alleges that a more particular description than is given of the same is to the prosecuting solicitor unknown, the accused may upon a proper showing timely made move the court to order the solicitor to give such other or more particular description, in the nature of a specification or bill of particulars of the property as may have been acquired by the solicitor after filing the information, and the trial may be suspended until this can be done.

6. An information found to be sufficient in its allegations of the time and place of the larceny alleged.

7. Evidence found to be sufficient to support a verdict of guilty of grand larceny.

8. A motion for new trial on the ground of newly discovered evidence is properly overruled where the accused fails to show that the evidence was discovered since the trial and that he could not have discovered it before the trial by the exercise of due diligence.

9. An alternative sentence is erroneous in providing that the defendant be imprisoned in the State Penitentiary upon default in the payment of the fine and costs. Where the primary sentence imposed is a fine and costs of prosecution only, the court should fix a period of imprisonment in the county jail, instead of in the State Penitentiary, for the non-payment of such fine and costs.

This case was decided by the Court En Banc.

Writ of Error to the Criminal Court of Record, Dade County.

The facts in the case are stated in the opinion of the court.

*Mitchell D. Price,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

PARKHILL, J.—The plaintiff in error was convicted of the crime of grand larceny and brings the judgment here by writ of error for review.

Omitting the caption, the information is as follows: "In the name and by the authority of the State of Florida: James T. Sanders, county solicitor for the county of Dade, prosecuting for the State of Florida, in the said county, under oath, information makes that Charlie Enson, laborer, late of the county of Dade and State of Florida, on the 19th day of April in the year of our Lord one thousand nine hundred and nine, in the county and State aforesaid, then and there, certain bank bills and notes commonly known and denominated as lawful currency of the United States, of divers denominations, the number and denomination of which are to the prosecutor unknown, and certain silver specie, a more particular description of which is to the prosecutor unknown, amounting in the aggregate to the sum of $100.00 lawful currency of the United States and of the value of $100.00 which said currency and specie was then and there the property of one W. J. Cole, the said Charlie Enson then and there having found did steal, take and carry away, contrary to the statute," &c.

At the close of the evidence the defendant requested the judge to give the following instruction to the jury:

"The defendant in this case is charged with stealing cer-tain bank bills and notes known as lawful currency of the United States of divers denominations, the number and denomination of which are alleged to be unknown to the county solicitor, and also certain silver specie, a more particular description, it is alleged, is unknown to the county solicitor, said property being alleged to be of the aggregate value of $100.00. It appears from the evidence that the county solicitor knew or could easily have known a better description at the time of the filing of the infor-mation than the description set forth in the said informa-tion, there is, therefore, a fatal variance and you will accordingly find a verdict of not guilty."

This instruction was properly refused for the reason that there was no evidence that the county solicitor knew the number and denomination of the bank bills or a more particular description of the silver specie alleged to have been stolen, and the instruction erroneously predicated defendant's right to an acquittal on the fact that the county solicitor could easily have known a better de-scription of the property than that given in the informa-tion. It asked too much. The question here is whether the allegation that a more particular description of the bank notes and specie was unknown to the county solici-tor is sustained by the proof, not whether the county solicitor could easily have known a better description. In some jurisdictions the rule is stated to be that a variance results where it becomes apparent from the evidence that the matter alleged as unknown might have been discov-ered by the exercise of ordinary diligence, but these cases would seem to be properly placed upon lack of diligence or carelessness in making the accusation and not upon variance between the allegation and proof. The better rule would seem to be that to create a variance the fact of *knowledge,* not ability to acquire knowledge, must *affirm-*

*atively* appear from the evidence. The information alleges that a more particular description of the property is unknown to the solicitor. It becomes a question, then, upon all the evidence, of accord or variance between this allegation and the proof, not of diligence or carelessness in making the accusation. It is doubtless true that, under the plea of not guilty, the allegation of want of knowledge of a better description of the property on the part of the county solicitor is traversable and the subject of inquiry, and that an information false in this respect would not support a conviction. But the defendant desires to go beyond the allegation of the information and raise the outside issue that the solicitor *could easily have known* a better description of the property. The fact that the county solicitor could easily have ascertained a better description of the property may be evidence that he knew the same, but it is not conclusive, and cannot be made an absolute test of the sufficiency of the allegation that he did not know. 22 Cyc. 465; Commonwealth v. Sherman, 13 Allen (Mass.) 248; Commonwealth v. Hill, 11 Cush. (Mass.) 137, text 141; Commonwealth v. Hendrie, 2 Gray (Mass.) 503; Commonwealth v. Thornton, 14 Gray (Mass.) 41; Commonwealth v. Stoddard, 9 Allen (Mass.) 280, text 282, 283; Commonwealth v. Noble, 165 Mass. 13, 42 N. E. Rep. 328; Wells v. State, 88 Ala. 239, 7 South. Rep. 272; Duvall v. State, 63 Ala. 12; Terry v. State, 118 Ala. 79, 23 South. Rep. 776; Winter v. State, 90 Ala. 637, 8 South. Rep. 556; White v. People, 32 N. Y. 465; Noakes v. People, 25 N. Y. 380; People v. Noakes, 5 Parker's Cr. Rep. (N. Y.) 292; People v. Fleming, 14 N. Y. Supp. 200; State v. Carey, 15 Wash. 549, 46 Pac. Rep. 1050; Rex v. Walker, 3 Camp. 264. See also Guthrie v. State, 16 Neb. 667, 21 N. W. Rep. 455, S. C. Am. Cr. Rep. 78; Coffin v. United States, 156 U. S. 432, 15 Sup. Ct. Rep. 394; Rex v.

Bush, Russ & R. C. C. 372; Lang v. State, 42 Fla. 595, 28 South. Rep. 856; Com. v. Gallagher, 126 Mass., 54.

In discussing this question, the Supreme Court of Massachusetts, in Commonwealth v. Sherman, *supra,* said:

"The origin of the statement in some books that, if a name alleged to be unknown might with reasonable diligence have been ascertained by the prosecutor, the defendant is entitled to an acquittal, is probably to be found in some imperfect reports of English *nisi prius* cases. 2 East P. C. c. 16, Par. 89. The King v. Keakin, 2 Leach (4th ed.) Rex v. Walker, 3 Camp. 264; Rex v. Robinson, Holt N. P. C. 595. Upon such a case being cited Mr. Justice Littledale, an eminent common-law lawyer, said, 'The question is whether the person is known to the grand jury. It will be difficult to prove that he was so known, and unless he was known to the grand jury, I should doubt about that case.' Rex v. Cordy, 2 Russell on Crimes (3rd ed.) 98, note by Greaves. The earliest case which we have seen in which a traverse jury were required to find that the grand jury could not by reasonable diligence have ascertained the name was one tried at *nisi prius* before Mr. Justice Thomas Erskine. Regina v. Campbell, 1 Car. & Kirw. 82.

"By the much higher authority of the twelve judges of England, this matter has been put upon the right footing. In one case they held that an indictment against an accessory of a principal therein alleged to be unknown was good, although the same grand jury had returned another indictment against the principal by name. Rex v. Bush, Russ. & Ry. 372. And in another case, according to the fullest report, they stated the rule to be that 'in order to sustain a count for the murder of a child whose name is to the jurors unknown, there must be evidence showing that the name could not reasonably have been supposed to be known to the grand jury.' Regina v. Stroud, 1 Car. &

Kirw. 187. Another report of this case in 2 Mood. C. C. 270, by abridging this statement to 'the want of description is only excused when the name cannot be known,' wholly changes its meaning; for what the grand jury may reasonably be supposed to have known is only what it may be rightly inferred they did know, which is a quite distinct thing from that which they could know, or, in other words, reasonably might, but did not, ascertain. The judgments of this court support the position which we now affirm. Commonwealth v. Hill, 11 Cush. 141. Commonwealth v. Hendrie, 2 Gray, 504. Commonwealth v. Thornton, 14 Gray, 41. Commonwealth v. Stoddard, 9 Allen, 282, 283.

"It is always open to the defendant to move the judge before whom the trial is had to order the prosecuting attorney to give a more particular description, in the nature of a specification or bill of particulars, of the acts on which he intends to rely, and to suspend the trial until this can be done; and such an order will be made whenever it appears to be necessary to enable the defendant to meet the charge against him, or to avoid danger of injustice. Commonwealth v. Giles, 1 Gray, 469. The King v. Curwood, 3 Ad. & El. 815. Rosc. Crim. Ev. (6th ed.) 178, 179, 420."

As sustaining the right of the defendant to a bill of particulars upon a proper showing in this State, see Mathis v. State, 45 Fla. 46, 34 South. Rep. 287; Thalheim v. State, 38 Fla. 169, 20 South. Rep. 938; Eatman v. State, 48 Fla. 21, 37 South. Rep. 576; Brass v. State, 45 Fla. 1, 34 South. Rep. 307.

Our statute makes bank notes and money the subject of larceny and where the required degree of certainty cannot be used in specifying the pieces or denominations of coins stolen or the number and denomination of bank bills, it will be enough to state that a better description than that

given is unknown to the county solicitor or to the grand jury as the case may be.   12 Ency. Pl. & Pr. 990.

The information is sufficient in its allegations of the time and place of the larceny alleged.   Baldwin v. State, 46 Fla. 115, 35 South. Rep. 220.

The evidence is sufficient to support the verdict.

The motion for new trial on the ground of newly discovered evidence was properly overruled because the defendant failed to show that the evidence offered was discovered since the trial, and that he could not have discovered it before the trial by the exercise of due diligence.   A new trial will not be granted on a mere showing that new evidence has been discovered, but the defendant is required to rebut the presumptions that the verdict is correct and that he exercised due diligence in preparing for the trial.   See Mitchell v. State, 43 Fla. 584, 31 South. Rep. 242; Howard v. State, 36 Fla. 21, 17 South. Rep. 84; Williams v. State, 53 Fla. 89, 43 South. Rep. 428.

What we have said disposes of all the points presented and argued.

The errors assigned are all overruled, but the judgment must be reversed for a proper sentence.   The alternative sentence is erroneous in providing that the defendant be imprisoned in the *State penitentiary* upon default in the payment of the fine and costs.   Where the primary sentence imposed is a fine and costs of prosecution only, the court should fix a period of imprisonment *in the county jail,* instead of in the State penitentiary, for the non-payment of such fine and costs.   Section 4011 Gen. Stats. of 1906.   Thompson v. State, 52 Fla. 113, 41 South. Rep. 899.

The judgment of the court below is reversed and remanded for proper sentence, at the cost of the county of Dade.

Whitfield, C. J., and Shackleford and Cockrell, JJ., concur.

Hocker, J., absent, concurred in the opinion as prepared.

Whitfield, C. J. concurring.

One of the material allegations in this information charging larceny of currency of the United States is the one that "the number and denomination of which are to the prosecutor unknown." A description of the property stolen is not an essential element of the offense, but such description should be alleged in an information charging larceny when it is known; and it is the duty of the prosecution to exercise reasonable diligence in ascertaining and giving a proper description of the property alleged to have been stolen, so that the court and jury may be informed of the subject matter of the charge and that the accused may not be embarrassed in the preparation of his defense or subjected to a second prosecution for the same offense. A description of the property not being an element of the offense of larceny, where the description is not known to the prosecutor, the law, in lieu of an allegation of the description permits as a matter of necessity, to prevent the failure of justice, an allegation that the description was unknown to the prosecutor. When there is an allegation that the description *was unknown* to the prosecutor there should be some evidence that the description was in fact unknown to the prosecutor; though, in the absence of a material allegation requiring proof of *due diligence,* it may be presumed that the prosecutor, an officer of the law, exercised due diligence to ascertain and allege the description. A failure to exercise due diligence may be remedied without injury to the accused by a bill

of particulars or by appropriate judicial action upon proper and timely application to the court. There is no allegation in the information that the prosecutor could not, by the exercise of due diligence, have been informed of the number and denomination of the currency alleged to have been stolen. The "prosecutor" referred to is the prosecuting attorney who made and filed the information under his oath, and not the prosecuting witness. From the evidence it may properly be inferred that the prosecuting attorney did not know, and there is no positive evidence that he did know, the number and denomination of the currency. This being so there is no fatal variance between the allegation and the proofs. Lang v. State, 42 Fla. 595, 28 South. Rep. 856. There is no allegation express or implied that the prosecuting attorney used due diligence to get a description of the property. Whether the prosecuting attorney by the exercise of due diligence could have known of the number and denomination of the currency is not included in the allegation that he had no such knowledge, and the lack of effort to acquire the information was not made an issue at the trial. Any inference that may be drawn from the evidence that the prosecuting attorney could easily have informed himself of the number and denomination of the currency is immaterial as to the issue of actual knowledge by the prosecuting attorney of the number and denomination of the currency made by the plea of not guilty. The requested charge for an acquittal on the ground of fatal variance was not in this case the proper remedy for the defendant. By a timely and proper application therefor, the defendant would have been entitled to a bill of particulars giving information, acquired by the prosecuting attorney after filing the information, as to the number and denomination of the currency alleged in the information as having been stolen. If there had been any attempt by act or

omission on the part of the prosecuting attorney to embarrass the accused in the preparation or presentation of his defense, the court had ample power to secure to him his rights.

TAYLOR, J., dissenting.

I am unable to concur in the conclusions of law arrived at in the majority opinion prepared in this case. At the close of the evidence the defendant requested the judge to give the following instruction to the jury: "The defendant in this case is charged with stealing certain bank bills and notes known as lawful currency of the United State of divers denominations, the number and denomination of which are alleged to be unknown to the county solicitor, and also certain silver specie, a more particular description, it is alleged, is unknown to the county solicitor, said property being alleged to be of the aggregate value of $100.00. It appears from the evidence that the county solicitor knew or could easily have known a better description at the time of the filing of the information than the description set forth in the said information, there is, therefore, a fatal variance and you will accordingly find a verdict of not guilty."

The defendant below under the circumstances of the case was entitled to his discharge and the requested instruction should have been given, according to my view.

The property alleged to have been stolen is described in the information upon which the defendant was tried as follows: "Certain bank bills and notes commonly known and denominated as lawful currency of the United States of divers denominations, the number and denomination of which are to the prosecutor unknown, and certain silver specie, a more particular description of which is to the prosecutor unknown, amounting in the aggregate to the

sum of $100.00 lawful currency of the United States and of the value of $100.00."

The chief witness for the State, who was the owner of the property alleged to have been stolen, and who on the advice of the prosecuting attorney swore out a warrant for the arrest of the defendant, testified at the trial that the property stolen from him consisted of a check of a private individual on a bank for the sum of $20.00, three bank bills for the sum of $10. each, six bank bills for the sum of $5. each, and enough one dollar bank bills to make up an aggregate of $100., and that he gave this description of the stolen property to the deputy sheriff shortly after the theft, and gave the same description of the stolen property on the defendant's preliminary trial; that he knew the description of the property stolen when he first went to the prosecuting attorney's office after the theft as well as he knew it at the time of testifying at the trial. From this it is seen that the allegation in the information to the effect that a more particular description of the property stolen was to the prosecutor unknown is not sustained by the proofs. The proofs show that he either knew of a much more accurate and definite description of the stolen property than that given thereof in the information, or that he could have easily procured such accurate and definite description thereof by simply applying therefor to the main witness for the prosecution who was the party from whom the property was stolen. Under these circumstances, according to my view of the law, there was a fatal variance between the allegation and the proofs, that entitled the defendant to his discharge. The true rule in such cases, according to my view, the one supported both by reason and the overwhelming weight of authority is that it is only permissible upon the ground of *necessity* to allege in an indictment that the name of a person or fact necessary to be stated is *unknown*; and the

defendant is entitled to be discharged when it appears on the trial that the name or the fact either was known or could by the exercise of ordinary diligence have become known, to the grand jury or prosecuting attorney exhibiting the information." State v. Stowe, 132 Mo. 199, 33 S. W. Rep. 799; State v. Thompson, 137 Mo. 620, 39 S. W. Rep. 83. The allegation in an indictment that the name of a person, or a fact, is unknown to the grand jurors, or to the prosecuting officer exhibiting· an information, is a material one, is traversed by the plea of not guilty, and must be sustained, and may be rebutted by proof. Cameron v. State, 13 Ark. 712; Blodget v. State, 3 Ind. 403; Cheek v. State, 38 Ala. 227; Rex v. Robinson, 1 Holt N. P. 595, S. C. 3 E. C. L. 233; Reg. v. Campbell, 1 Carr. & K. 82, 47 E. C. L. 80; Rex v. Walker, 3 Camp. N. P. 265; Reg. v. Stroud, 2 Moody C. Cas. 270; Winter v. State, 90 Ala. 637, 8 South. Rep. 556; United States v. Riley, 74 Fed. Rep. 210; Sault v. People, 3 Colo. App. 502, 34 Pac. Rep. 263; 1 Chitty's Crim. Law, 213; Presley v. State, 24 Tex. App. 494, 7 Am. Cr. Rep. 243.

The facts alleged in the information to have been *unknown* to the prosecutor, were *material facts* that the defendant had the *legal right* to demand an allegation of in the information. If these facts were in truth *unknown* to the prosecutor, and could not with ordinary diligence have been ascertained by him, then, and not until then, did the *necessity* arise or exist which the law recognizes, permitting such facts to be alleged as being unknown. All the authorities agree that the allegation in an indictment to the effect that a name or a fact is unknown is a *material averment,* upon which issue is joined by the plea of not guilty, and I cannot agree with the few courts sustaining the majority opinion in their holdings to the effect that if there is no proof either way as to whether the fact

alleged to have been unknown was either known or unknown, the question is immaterial and the defendant has no right to any advantage therefrom; and that the burden in such cases is on the defendant to prove, if he can, that the alleged unknown fact was in truth known to the grand jury or prosecutor. I had thought that the law had been settled for ages that the burden was on the prosecution to prove every material averment in the indictment, but the holdings of these courts in this respect is a long step towards an uprooting of all the old landmarks that bound the haven of presumptive innocence until all material averments charging guilt are affirmatively established. My view is that when an indictment alleges that a material fact is unknown to the grand jury or prosecuting officer, that the burden is on the prosecution to show that such fact was in truth unknown, and could not with ordinary diligence have been ascertained, and that if such proof is not made there can be no conviction on such indictment.