Wanamaker, J.
The questions here presented are mostly new in Ohio jurisprudence. Bribery is one of the most heinous and atrocious crimes known to the public service. There is but one crook worse than the thief or the embezzler in official life and that is the briber or the bribed. But there is one type that is worse than all and that is the type that solicits the bribe.
As a rule bribery is one of the most difficult crimes to prove, because there are usually only two parties to the transaction, both of whom are either equally guilty or have such a common interest in concealing the crime that exposure of the wicked transaction rarely occurs. If the money is stolen from the public treasury, or from the trust funds in possession of the officer, the time of accounting usually discloses the fact. But. not so with bribery. The records are usually manipulated so that there is neither evidence nor suggestion of the corrupt or wicked act. That is all done sub rosa and “on the side.”
The language of the indictment pertaining to the question here involved is as follows: “That S. *104 'A. Davis on or about the 3d day of August, 1909, unlawfully and corruptly did solicit from one E. H. Townsend * * * $300.00 for the purpose and with the intent' to influence him, the said S. A. Davis, cbunty commissioner aforesaid, with respect to his official duty, action, vote, and opinion in a certain matter, to-wit, the purchase of certain roadmaking machinery,” etc.
The very nature and necessities of the case, the honor and integrity of public officials and public ‘service, demand that the state of Ohio shall have the advantage of the most liberal construction of the rules of evidence in making its proof of guilt. The competency of other similar offenses to show guilty knowledge, corrupt intent, criminal plan, design o’r system upon the part of the defendant, is very fully considered in a recent case decided by this court, State of Ohio v. Reineke, 89 Ohio St., 390.
It is a well-settled rule that where the crime involves a specific intent, such as forgery, obtaining money or property under false pretenses, and embezzlement; where a specific intent is made a part' 6f ■ the ’ offense, that in such cases other and similar offenses not too remote may be proven to show the intent charged. Also in cases where ■güilty knowledge is an element of the offense, such as passing counterfeit money or knowingly selling adulterated foods, drugs and the like. Again in ■cases of adulterous conduct with consent, as in the case of State of Ohio v. Reineke, supra, and in numerous other classes' of crimes where there is some causal or logical connection between such *105 other similar offense and some element of the c,rime charged in the indictment.
Now, in the case at bar the state of Ohio needed to prove, among other things :
1. That the defendant, Davis, solicited, asked or requested a bribe.
2. For the purpose and with the intent to influence him, the said Davis.
3. With respect to his official duty, action, vote and opinion in a certain matter, to-wit, the purT chase of roadmaking machinery.
Here we have a specific purpose and intent that the state must prove. And also that the act was to influence the defendant as to his action and vote upon certain public contracts. If, now, after the contract had been entered into and consummated, the other party were to make Davis a present or gift of some valuable thing which had in nowise been in contemplation of Davis when he officially acted, in nowise referred to or suggested in. the course of the negotiations, while such conduct would be morally reprehensible, clearly. it would not of itself be sufficient evidence to convict of the charge of soliciting a bribe.
So that it becomes highly important and essential for the state to prove the specific purpose ajncl intent charged in the indictment. .:
Davis was a public officer, representing the county of Brown on its board of county commissioners, charged with the important, duty of preserving and protecting the public’s rights, interests and property with a view of securing the best service, .the best contracts, the best roadmaking machinery *106 upon the most economic and favorable terms to the county. Instead of that the record is clear that evidence was offered tending to show Davis as an habitual grafter and boodler, who was soliciting, whenever opportunity arose, corrupt influences in the shape of bribes.
If other similar offenses are competent for the purpose of showing the specific intent necessary to be proven in other crimes involving guilty knowledge, corrupt purpose, fraudulent intent and the like,; certainly for the purpose of showing the specific intent to influence him as to his official action and vote, other similar transactions may be shown,' though they involve separate and distinct offenses.
The corrupt course of dealing of the public officer is involved directly in the charge, and any evidence tending to show his corrupt course of public dealing, either by being bribed or soliciting a bribe as a public officer, is clearly competent, whether it be with reference to the purchase of the identical road machinery which was purchased, whether it pertain to the contemplated purchase of other and different road machinery, or whether it pertain to the making of any other public contract as such public officer, so long as the transaction is not too remote.
If the evidence, as it tends to do in this case, shows a general plan, design and system of grafting and boodling for his own personal profit and to the loss and prostitution of the public service, such evidence is clearly competent, for when you once prove the corrupt purpose, the corrupt course of dealing of the public officer and the opportunity *107 to repeat and renew the corrupt transaction, you have a chain of evidence circumstantially convince ing that the thing ordinarily done theretofore in a similar transaction would again occur when the Opportunity presented itself. . ..
The authorities are not agreed upon this doctriné as to bribery, but we are persuaded that the ovérwhelming weight of reason is in favor of the admissibility of this evidence when properly limited to the specific corrupt purpose and intent charged in the indictment. ...
In Guthrie v. State of Nebraska, 16 Neb., 667, the following is held in the syllabus: “Under the allegations of the indictment and the circumstances of the case as shown by the testimony, it was held competent for the state to prove other acts of bribery than those alleged in the indictment for the purpose of corroborating the principal witness upon material facts involved in the original contract of. bribery, and also for the purpose of showing the system, plan, and design of the parties, involved in the transaction alleged in the indictment.” The same holding is sustained in State v. DuLaney, 87 Ark., 17; Higgins v. State, 157 Ind., 57; State v. Schnettler, 181 Mo., 173. The sanie .doctrine showing design, plan and general system, in. .reference to the use of the mails, is sustained in Parker v. United States, 203 Fed. Rep., 950. Also in the recent case of Heike v. United States, 227 U. S., 121, decided January, 1913.
Wigmore deals with the subject qí ..bribery in a very clear, concise and logical. manner, in the following text from 1 Wigmore on. Evidence; *108 ■ Section 343: “On a charge of bribery, any of the three general1 principles—knowledge, intent and design—may come into play. To show knowledge of the nature of the transaction, a former transaction of the sort may serve, as indicating an understanding :of the particular transaction, to show intent, another transaction of the sort may serve to negative good faith. To show a general design, a former attempt toward the same general end may be significant.” I desire to quote from Wigmore’s Evidence at the close of this section as to certain cases that hold the contrary doctrine. He says, by way of comment: “People v. Hurley, 126 Cal., 351, offering to accept a bribe, the defendant being a delegate to a nominating convention; similar solicitations to another candidate for the same office about the same time, excluded; a ruling that wrongs the law and. protects a rank crime. * * *
“State v. Fitchette, 88 Minn., 145, taking money for appointment to office; similar transaction six months,-before, excluded; the opinion is over-scrupulous, and is of the sort that helps to create immunity for. rascals. * * *
“People v. Sharp, 107 N. Y., 427, indictment for.offering a bribe in 1886 to a member of the common council of the city of New York, to influence his consent to a franchise for a surface-railway on Broadway; the fact of the offer of a bribe in 1883 to the engrossing-clerk of the state assembly to alter a bill so as to allow the construction of the same railway was rejected; the present principle and precedents were not considered, except by Peckham, J.; there is nothing to he *109 said in support.of this ruling; it is of the kind that breeds defiance of the law and encourages criminals in gambling on the result of judicial quibbles.”
We find, however, that there was error in the trial court’s failing to limit the competency of this evidence as to other offenses to the specific corrupt intent charged in the indictment, because it is well settled, and we think rightly so, that one offense is not competent proof tending to show the commission of another offense. Therefore, it must follow also that there was error in the charge of the court in this same respect, the court treating the evidence at least in certain parts of the charge as being generally competent for any and all purposes instead of expressly limiting it as heretofore suggested.
Another error of the trial court was suggested in the oral argument in this case, though no reference thereto appears in the printed record or brief. The state offered evidence to the effect that Hare or Davis, the witness was uncertain as to which, had said certain things in Springfield near the Arcade hotel. Hare was afterwards offered as a witness by the defense to deny that he either used any such language. or. heard any such language at Springfield at the time and place charged by the state.
We hold that either the witness Hare or Davis should have been permitted to enter a denial in whole or in part as to that conversation. For the above errors, to-wit: 1. Not limiting evidence as to other offenses to the • specific. corrupt intent charged in the indictment, 2. In not charging the same limitation, and, 3. Refusal to permit the *110 denial of the conversation at Springfield, the judgment of the circuit court is affirmed. This cause is remanded to the court of common pleas for a new trial.

Judgment affirmed.

Shauck, Johnson, Donahue, Newman and Wilkin, JJ., concur. Nichols, C. J., not participating.