## Charles Dennis and another v. The People.

*Burglary: Entry: Transom window: Breaking.* An entry into a building by raising a transom window attached by hinges above and arranged to fall into the frame by its own weight, when the window was shut into the frame so as to require some force to open it, is a sufficient breaking under our statute (*Comp. L. 1871*, § *7563*), punishing the breaking and entering an office, shop, etc., in the night time, etc.

*Heard April 16. Decided April 22.*

Error to the Recorder's Court of Detroit.

*S. Larned* and *F. A. Baker,* for plaintiffs in error.

*Byron D. Ball, Attorney General,* for the People.

GRAVES, J.

The plaintiffs in error were convicted and sentenced in the recorder's court, for breaking and entering a shop in the night time with intent to steal, and for stealing a large amount of goods found there.

The building was entered through a transom window,

above the door, which was fastened, and the only question in the case is upon an exception to the charge in relation to the breaking. The window closing the opening above the door was attached by hinges above and was arranged to fall into the frame by its weight. It was provided with a spring bolt at the bottom to pass into a mortice in the frame for the purpose of fastening.

It appears from the evidence that during the night in question the window was hanging down but not fastened, and not so far in the frame as to allow the bolt to catch. A witness for the people stated that it was hanging down, but projected out of the frame at the lower edge, from a sixteenth to a quarter of an inch. Upon this evidence the court instructed the jury that in order to convict if they found that the defendants entered through the window, they must be satisfied beyond a reasonable doubt that the window was shut into the frame so as to require some force to open it, and that the defendants shoved it open, and that if the window was open or swinging, the breaking was not proved. The assignment of error is directed to this charge.

I think the instruction was correct in point of law, and that there was evidence to which it might apply. The question was therefore one for the jury upon the interpretation of the testimony, its evidentiary value and weight; and we have no right to revise their action.

The window was above the door and suspended by hinges, and the jury must have found that it was sufficiently closed within the frame to require force to open it, though not as far back in the frame as it was intended to go.

If an entry is effected by raising a trap-door which is kept down merely by its own weight, or by raising a window kept in its place only by pulley weight, instead of its own, or by descending an open chimney, it is admitted to be enough to support the charge of breaking; and I am unable to see any substantial distinction between such cases and one where an entry is effected through a hanging window over a shop door, and which is only designed for

light above and for ventilation, and is down and kept down by its own weight, and so firmly as to be opened only by the use of some force, and so situated as to make a ladder or something of that kind necessary to] reach it for the purpose of passing through it.

I think the judgment should be affirmed.

The other Justices concurred.