Gilmore, J.
It is contended, in argument by counsel for plaintiff in error, that there is, in this case, an element of negligence on the part of the owner of the house entered, which, under the circumstances disclosed in the record, rendered the offense charged a trespass and not a burglary.
The law on the point is, that if the owner leaves his-doors open, or partly open, or his windows raised, or partly raised and unfastened, it will be such negligence or folly on his part, as is calculated to induce or tempt a stranger to enter; and if he does so through the open door or window,, or by pushing open the partly opened door, or further raising the window that is a little up, it will not be burglary. 4 Blackstone, 226 ; Comm’rs v. Stephenson, 8 Pick. 354.
But we do not see how this doctrine can have any application here. The testimony tended to prove that in this case the house was securely fastened in every respect, except as to the transom in question, and that it was closed. There is in this no evidence of such negligence on the- *428 part of the owner as could have induced or tempted the prisoner to enter. . Nor are we at liberty to adopt the suggestion of counsel that the transom, after being closed, may have been opened by currents of air within or without, or by other sufficient causes, and that the prisoner may thus have been tempted to enter through the open transom, for the jury found that the transom was closed,'till it was pushed open by the prisoner. There was, therefore, no such negligence on the part of the owner of the house as affects the question in this case in any way.
This brings us to the only question in the case. Did the court err in charging the jury that if the transom was closed, though not fastened, and the prisoner used sufficient force to push it from its place, so that it would swing open, that that was a sufficient breaking in law ?
Our statute, defining burglary, provides : “ Whoever, in the night season, maliciously and forcibly breaks and enters any dwelling-house,” etc. The word forcibly is not used in the common-law definition, in which the words are “ break and enter.” But in our statute the word forcibly only expresses the degree of force that was implied at common law from the word break. Hence, under statute, as at common law, there may be a constructive forcible breaking, as where an entrance is obtained by trickery or deception. Ducher v. The State, 18 Ohio, 308.
We may, therefore, look to the principles of the common law in determining what will constitute a forcible breaking under our statute.
In England, for more than two hundred years it has been settled that there can be no burglary without an actual ■ breaking. And in Sir Matthew Hale’s time (1 Hale’s P. 0. 552) these acts amounted to an actual breaking, viz.: “ Opening the casement, or breaking the glass window, picking open a lock of a door with a false key, or putting back the lock with a knife or dagger, unlatching the door that is only latched, and to put back the leaf of a window with a dagger,” etc.
In Brown’s case, decided in 1799 (2 East’s P. C. 489), *429 there was an aperture communicating with an upper floor,, which was closed by folding doors, with hinges, which fell over it, and remained closed by their own weight, but without any interior fastening, so that those beneath could push them open at their pleasure by a moderate exertion of strength. It was held that the pushing open of these folding doors was sufficient to constitute a breaking.
And it has subsequently been held (1 Moody’s O. C. 377} that the lifting of a flap of a celler, usually kept down by its own weight, is a sufficient breaking for the purpose of burglary. And in Rex v. Hall, 2 R. & Ry. C. C. 355, it is-held that where a window opens upon hinges, and is fastened by a wedge, so that pushing against it will open it, forcing it open by pushing against it is sufficient to constitute a breaking. And in Rex v. Haines, Ib. 450, it is decided that the pulling down of the sash of a window is-a breaking, though it has no fastening and is only kept in its place by the pulley-weight; it is equally a breaking-although there is an outer shutter which is not put to. In Rex v. Hyams, 7 Car. & Payne, 441, it is held that raising a -window which is shut down close, but not fastened, though it has a hasp which might have been fastened, is-a breaking of a dwelling-house.
These authorities clearly show that only a slight degree of force is necessary to constitute a burglarious breaking at common law.
The following American cases are to the same effect as Rex v. Hyams, above cited. The State v. Boon, 13 Iredell, 244; Franks. The State, 39 Miss. 705; The People v. Edwards, 1 Wheeler’s Cr. C. 371.
The principle, as laid down in the cases above cited in 2 East and 1 Moody’s C. C., as to the cellar or flap doors kept down by their pwn weight, is followed in the case of Dennis v. The People, 27 Mich. 151, where it is held, that an entry into a building by raising a transom window, attached by hinges above, and arranged to fall into the frame by its own weight, when the window was shut into the frame, so as to require some force to open it, is a sufficient *430 breaking, under the statute of that state punishing the ■breaking and entering an office, shop, etc., in the night time.
Eo court or text writer has undertaken to define the exact degree of force that is necessary to constitute a breaking in burglary; nor indeed would it be practicable to do •so. ' The law on the subject is found in decided cases in which it is announced in connection with a given state of facts, to which it is applied; and, in that way, reasonable certainty has been attained as to what facts will, or will not, in most eases, constitute a burglarious breaking. But there are cases in which the facts are of such a character as to render it difficult to determine whether, in law, they constitute a burglary or a trespass.
But, from the cases above cited, it is plainly the law that where no force is used,.as in entering through an open door •or window, there is no breaking, and, hence, only a trespass.
On the other hand, where only slight force is used, as where a flap door, or a window is closed down and kept in place only by its own weight, the force that is necessary to vertically raise it so as to effect an entrance, is sufficient to constitute a burglarious breaking.
There may exist an appreciable difference between the ■force that would be required to vertically raise a window that was closed and held down by its weight and that which would be required to push open a closed, but unfastened transom, that swings back horizontally on hinges, as in the ■case before us; and, admitting there is such a difference, the question is, whether the force required to accomplish the latter is sufficient to constitute a burglarious breaking ? We think an affirmative answer may safely be given.
The application of the law does not depend upon the degree of the force used, but upon the fact that force of some degree, however slight, was used. The force required to push open the transom in question was undoubtedly •slight, but still it must have been an appreciable force, suf.ficient to overcome the friction of the hinges, occasioned *431 by tbe weight of the transom, and this, under the circumstances, is all that the law requires.
The case of The State v. Reid, 20 Iowa, 413, is in point. It is there decided that “ the pushing open of a closed door, wiih the intent expressed in the statute, is a sufficient breaking, within the meaning of the law, to constitute burglary.”
We find no error in the charge .of the court, under which the jury had to find that the transom was pushed from its place, which implies some degree of force, before they could find the prisoner guilty; and this finding is .not before us for review on the evidence.

Motion overruled.