THE STATE v. THOMPSON, *Appellant*.

Division Two, February 16, 1897.

1. **Criminal Law**: INDICTMENT: UNKNOWN NAMES AND FACTS: DILIGENCE. It is permissible only on the ground of necessity to allege in an indictment that the kind or number of the things stolen is unknown, for reasons laid down in *State v. Stowe*, 132 Mo. 199.

2. ———: ———: LARCENY: INSTRUCTION FOR PETIT LARCENY. Where the evidence on the part of the state in a trial for burglary leaves it extremely doubtful whether the articles stolen reached the value of $30, it is reversible error if the court fails to give an instruction as to petit larceny.

*Appeal from Sullivan Circuit Court.*—HON. W. W. RUCKER, Judge.

REVERSED AND REMANDED.

*J. W. Clapp* and *D. M. Wilson* for appellant.

(1) The demurrer to the evidence as to the charge of grand larceny should have been sustained. The motion for a new trial should also have been sustained, and the defendant discharged. (2) The court should have instructed the jury that if they believed the defendant did not break into the store, but did steal the goods, then they could only convict him of larceny; and in the event they believed the goods taken to be less than $30 in value, then they should find him guilty of petit larceny. *State v. Palmer*, 88 Mo. 568. (3) It was an error for the court to permit Bradshaw to narrate to the jury the conversation between Higgins and Brown against the defendant's objection. The defendant, though present, was under arrest, and besides the question was not addressed to him. *State v. Duncan*, 64 Mo. 262; *State v. Fredericks*, 85 Mo. 145; *State v. Walker*, 78 Mo. *loc. cit.* 388; *State v. Glahn*, 97 Mo. *loc. cit.* 694; *State v. Young*, 99 Mo. 666; *State v. Murray*, 126 Mo. 611. (4) The court should have specially instructed the jury on the law in reference to an *alibi*. Its failure to do so is a reversible error. Sec. 4208, R. S. 1889, Amen'd Laws 1895, p. 161; *State v. Taylor*, 118 Mo. 153.

*Edward C. Crow*, attorney-general, and *Sam B. Jeffries*, assistant attorney-general, for the state.

(1) Defendant and one Brown were codefendants. Both were found in possession of the stolen goods at the same time and place. The court com-

mitted no error in admitting as evidence statements made by Brown in the presence of the defendant. *Commonwealth v. Call*, 21 Pick. 521. (2) The court is to judge of the grades of crime which the evidence tends to show, and should only instruct the jury upon the law governing these grades. *State v. Turlington*, 102 Mo. 662. To give instructions in relation to matters upon which there was no evidence would confuse the jury, and be improper. *State v. Wilson*, 88 Mo. 19. Instructions must be based upon the evidence and the grade of offense upon which the evidence bears. A failure to instruct upon a lower grade is not error, unless there was evidence of such lesser offenses. There was no evidence in this case upon which to predicate instructions offered by defendant. *State v. Umble*, 115 Mo. 452; *State v. Wilson*, 88 Mo. 13.

SHERWOOD, J.—Indicted for burglary and larceny, defendant went acquit of the former crime, but was found guilty of grand larceny and his punishment assessed at two years in the penitentiary. That portion of the indictment pertinent to the present investigation is the following: "And certain of the said goods, wares, and merchandise, in said store building, then and there so kept and deposited, being found, to wit, eighteen rings, a large number of handkerchiefs, to wit, four silk handkerchiefs, and divers other articles of merchandise, the exact kinds, quality, number, and description can not here be given, for the reason that it is to these grand jurors unknown, said goods, wares, and merchandise, belonging to Nute Higgins and of the aggregate value of $35, feloniously and burglariously, did then and there take, steal, and carry away."

On the trial Higgins swore, in chief, that in the nighttime his store at Osgood was broken into, and eighteen rings, four silk handkerchiefs, and one hun-

dred and twenty-five pennies, were taken.   On cross-examination he stated that about a pound of tobacco and five or six dozen eggs were also taken.  He further testified that he was a witness before the grand jury when the indictment was found, and knew then that all the articles above mentioned had been stolen.

The evidence on the part of the state left it extremely doubtful whether the articles stolen reached the value of $30.  For this reason an instruction asked by defendant as to petit larceny should have been given and it was error to refuse it or one of similar import.  And the indictment was good as to petit larceny, as several articles were mentioned, the stealing of any one of which would constitute that crime.

Error was also committed in this regard:   The portion of the indictment heretofore set forth, states that certain of the articles alleged to have been stolen were *unknown* to the grand jury, but the testimony of Higgins, the proprietor of the store, showed that when he was testifying before the grand jury he knew just what articles had been stolen, so that ordinary diligence on the part of that body would have enabled its members to have learned precisely what other articles beside those mentioned were stolen.  This state of facts thus disclosed by the evidence renders the indictment bad as to grand larceny and as to the other articles not mentioned under the ruling in *State v. Stowe*, 132 Mo. 199, and cases cited.

For these reasons without adverting to other errors, we reverse the judgment and remand the cause.  All concur.