# THE STATE v. DAVID YANDLE, Appellant.

### Division Two, February 4, 1902.

1. **Burglary and Larceny: SUFFICIENT INDICTMENT.** The indictment, which is set out in full in this case, is held to sufficiently charge burglary and larceny from a dwelling house.

2. ———: ———: VALUE OF GOODS STOLEN. It is unnecessary for the indictment charging burglary and larceny from a dwelling house to state the value of the goods stolen.

3. ———: RECENT POSSESSION OF STOLEN GOODS. Recent possession of the stolen property is prima facie evidence not only of the larceny but of the burglary as well.

4. **Exclusion of Incompetent Evidence:** The exclusion by the court of incompetent or irrelevant evidence and a specific direction to the jury that they will not consider such evidence, removes whatever error may have been committed in permitting the detailing of it at the first.

5. **General Objection to Evidence.** An objection that evidence is incompetent, irrelevant and immaterial does not avail if the evidence is competent for any purpose.

6. **Burglary and Larceny: ALIBI: OTHER PERSON'S OPPORTUNITY.** Evidence tending to prove that another person had opportunity to burglarize the house, is no defense to the defendant who also had the opportunity and did commit it. So that in this case it is held that it was not improper to exclude testimony that the co-indictee of appellant, who also had been convicted of the burglary and larceny, was seen going alone in the direction of the burglarized house on the day the crime was committed.

Appeal from Webster Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*L. O. Nieder* for appellant.

(1) The court certainly erred in permitting Mrs. Ben Adams to testify with reference to an anonymous letter. (2) The testimony of Ben Adams with reference to what became of the clothing and gun left at his house, was incompetent because it did not connect this defendant with the crime charged in the indictment, but tended to prove another and distinct crime; also the testimony of constable Clay and marshal Ward, with reference to the articles found in the grip; all of which testimony was admitted by the court against the objection of the defendant; all of which testimony was incompetent, because it only tended to prove other crimes, and certainly was calculated to, and did, prejudice the minds of the jury against the defendant. State v. Rothchilds, 68 Mo. 52; State v. Daubert, 42 Mo. 242; State v. Martin & Gretz, 34 Mo. 85; State v. Mix, 15 Mo. 153; State v. Wolff, 15 Mo. 168; State v. Harold, 38 Mo. 496. (3) It devolves upon the State to show defendant was at the place, where and the time when, the offense was committed. State v. Moore, 117 Mo. 405. (4) The only evidence against the defendant was and is the possession of the stolen property recently after the burglary was committed. The presumption of guilt may be rebutted, or such possession explained either by direct evidence or attending circumstances, or the character or habits of the party with whom the property is found. State v. Edwards, 109 Mo. 315; State v. Kelly, 73 Mo. 615; State v. Williams, 54 Mo. 170; State v. Taylor, 136 Mo. 73. Recognizing the fact of the rule of evidence that the possession of property, which has been recently stolen, raises such a presumption of guilt against the possessor, as to throw on him the burden of proof, showing how he came by it, or that he came honestly by it and in the event of his failing to do so, to warrant the final inference or conclusive presumption of his being the real offender as described in State v. Kelly, 73 Mo. 615. Burrel on Circumstantial Evidence, 446. This, defendant sought to do, by showing by witness Keeler, who testified to seeing the tracks of one man going in the direction and in

the neighborhood of where the burglary was committed and showing further by witness Joe Cantrell, that the party who made the tracks was James Yandle, and that the hour at which seen was early in the forenoon, and that he was tried and convicted of the crime on a separate trial. This testimony would have been corroborative of the testimony of the defendant, and should have been admitted by the court and its refusal to do so was certainly reversible error; because he was precluded from the evidence which would have not only rebutted the charge of the burglary, but would have been convincing to the minds of the jury in sustaining defendant's alibi. This theory is borne out by the language of this court in the case of the State v. Taylor, supra.

*Edward C. Crow*, Attorney-General for the State; *Perry S. Rader*, Special Counsel.

(1) The indictment is sufficient. State v. McGraw, 87 Mo. 164; State v. Watson, 141 Mo. 338; State v. Henley, 30 Mo. 509; Conner v. State, 14 Mo. 561. (2) Recent possession of goods stolen from the burglarized building, unexplained, is evidence both of the burglary and larceny. State v. Dale, 141 Mo. 284; State v. Babb, 76 Mo. 503; State v. Moore, 117 Mo. 395; State v. Blue, 136 Mo. 41. (3) In view of Dave Yandle's statement and those of his other witnesses, it is absolutely immaterial to his defense that James Yandle was seen as Cantrell says, because squarely contradictory of them. Besides, Keeler says that he, Carpenter and Higgins followed the tracks in the road or near the fence until they crossed into the field and there they lost them. That being the case, the testimony that Jim Yandle was seen further up the road going towards Carpenter's becomes immaterial, because even if it had been admitted, the testimony of Keeler that they had followed the tracks and lost all trace of them a mile or more from Carpenter's destroys its probative force to

exculpate David Yandle in this burglary. Another's opportunity to commit a crime is no defense to the man who' committed it. State v. Taylor, 136 Mo. 66; State v. White, 68 N. C. 158; State v. Haynes, 71 N. C. 79; State v. Baxter, 82 N. C. 602; State v. Beverly, 88 N. C. 632.

GANTT, J.—The defendant was indicted at the March term, 1900, of the circuit court of Webster county for burglary and larceny. On October 18, 1900, he was tried and con-victed of both burglary and larceny from a dwelling house.

The defendant was duly arraigned and entered his plea of not guilty. The indictment was against defendant and James Yandle jointly. A severance was granted and they were tried separately.

From an offer of the conviction of James Yandle by defendant, it seems that James was also convicted of the same offense.

The evidence quite conclusively shows that on the second day of November, 1899, the dwelling house of H. C. Carpenter, situated in Webster county was broken open in his absence, and a suit of clothes of the value of ten dollars belonging to said Carpenter and in said house at the time, was stolen and carried away. The proof that the lock was broken and the house burglarized prior to one o'clock of November 2, 1899, was established by Carpenter and Keeler who testified to locking it when they left that morning to haul some wood for a neighbor and to finding the lock broken and the clothes stolen when they returned about one o'clock that afternoon.

The evidence further disclosed that on the same day of the burglary the defendant and James Yandle left for Kansas. About the first of December, 1900, they returned to Webster county and the town of Seymour City in said county, a station on the Kansas City, Fort Scott and Memphis railroad, and were arrested by W. H. Clay, the constable of that precinct, at a two-room cottage usually occupied by Mrs. Hostetter, but

she was absent at the time.    He found defendant David Yandle under the bed.

Some fifteen minutes after the arrest by the constable, the deputy sheriff, Newton Ward, arrived and found, in the room where these two were, a telescope trunk containing various articles of attire, among which was a blue coat and vest, which were fully identified by several witnesses besides Carpenter as his coat and vest which were stolen when his house was burglarized.    Other witnesses testified that this defendant claimed the suit as his own.

The defense was an alibi and the defendant's father, brother and sister testified to a state of facts which, if credited, would have rendered it impossible for defendant to have committed the burglary and larceny at the time at which it was fixed by the State's witnesses.    Defendant also testified that James Yandle bought the suit of clothes and a gun from a stranger for $2.25 on November 2, 1899, and that at James's request he put on the suit and wore it to prevent James carrying them.

The indictment, omitting caption and formal attestation is as follows:

"The grand jurors for the State of Missouri, summoned from the county of Webster, impaneled, sworn and charged to inquire within and for the body of the county of Webster, upon their oaths, present and charge that James Yandle and David Yandle, late of the county and State aforesaid, on or about the 2d day of November, 1899, at the county of Webster and State of Missouri, did then and there feloniously and burglariously break into and enter the dwelling house of one H. C. Carpenter, there situate, by then and there forcing and breaking the lock with which the outer door of said dwelling house was fastened, and by then and there forcibly opening the said outer door of said dwelling house, with intent certain goods and chattels then and there being the goods and chattels of the said

Vol 166 mo—38

H. C. Carpenter, then and there feloniously and burglariously to steal, take and carry away; and one coat, one vest and one pair of pants, all of the value of ten dollars, of the personal goods and chattels of the aforesaid H. C. Carpenter, then and there in said dwelling house being found, did then and there feloniously and burglariously steal, take and carry away, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

I.    The indictment is sufficient.    It charges every fact necessary to constitute the offense of burglary under section 1881, R. S. 1899.    It was unnecessary to state the value of the goods stolen, since larceny committed in committing burglary is a felony irrespective of the value of the thing stolen. [State v. Henley, 30 Mo. l. c. 514.; State v. Brinkley, 146 Mo. l. c. 41.]

II.    It is conceded by counsel for defendant that the recent possession of the stolen property was prima facie evidence not only of the larceny but of the burglary as well, and such is the well-settled law of this State.    [State v. Babb, 76 Mo. 501; State v. Dale, 141 Mo. 284.]

III.    The point made on Mrs. Adams's testimony in reference to an unsigned letter received by her after James Yandle and defendant left certain goods at her house can not avail, because, after hearing the preliminary proof by Mrs. Adams as to the loss of the letter and the directions she received from James Yandle, the court excluded her evidence and specifically directed the jury that they would disregard it in the consideration of defendant's guilt or innocence.

IV.    Error is assigned on the admission of certain evidence of witness Ben Adams, but the objection is such that it precludes a review in this court as the only ground assigned was that it was incompetent, irrelevant and immaterial, an objection which we have uniformly held insufficient if the evidence was admissible for any purpose, and in this case the witness had testified that a day or two after the commission of the

burglary the defendant was at his house wearing a blue coat
and vest of the description of that stolen from Carpenter and
left a gun and some clothing which he asked the witness to hide
so no one would see them and he was only asked what became
of this gun and clothing and he testified this defendant wore
the blue suit off when he left there and never answered what
became of the gun.

Neither was there any error in the testimony as to certain
clothing in the telescope trunk or satchel because it was perti-
nent to prove that the defendant claimed it so as to connect him
with the ownership of the telescope in which the stolen pants
and vest were found and his possession thereof when arrested.

V.    Again it is urged that the court improperly excluded
the evidence that James Yandle was convicted of this same
burglary, and the evidence of Keeler as to the man whom John
Cantrell and Bennett said they had seen pass about ten o'clock
on the morning of the burglary, and offered to show it was
James Yandle who was indicted with defendant.

It is clear that Cantrell's and Bennett's statement would
have been pure hearsay and was properly rejected.    It was no
part of the *res gestae* and on its face disclosed that there was
better evidence, that is to say, their own evidence of what they
saw.    And proof that James Yandle his co-indictee was also
guilty of the burglary and larceny would not have exculpated
defendant.    This was the contention of the State throughout
the trial.

In a word, evidence tending to prove that another person
had an opportunity merely to commit the burglary constituted
no defense.    The evidence offered was a direct contradiction of
that already offered by defendant.    Evidence that one person
had an opportunity to commit the crime would not exculpate
defendant who also had the opportunity and committed the
crime.

The instructions were full on all the points arising in the case and correctly stated the law.

No error being discovered the judgment is affirmed.    All concur.