## THE STATE v. E. D. HENDERSON and W. M. YOUNGER, Appellants.

Division Two, May 19, 1908.

1. **WITNESS: Name Not On Indictment.** It is not error to permit the State to introduce a witness whose name is not indorsed on the indictment.

2. **BURGLARY: Screen Door.** The breaking of a screen door to a dwelling house kept closed by means of hinges and springs attached to the same in such manner that some force is necessary to open the door, is burglary within the meaning of the law.

3. ———: **Sufficiency of Evidence: Recent Possession of Goods.** The presence of both defendants in the front yard of the house burglarized a short time before the burglary was committed;

the fact that they were seen going together from the house in the direction of town five miles away soon after the commission of the crime, and were overtaken at the outskirts of the town, and were searched and numerous articles found on them which had been taken from the house, was sufficient recent possession of the stolen goods to justify the presumption that they committed the burglary, in the absence of any satisfactory explanation of the manner in which they came into the possession of said property, consistent with their innocence.

Appeal from Ralls Circuit Court.—*Hon. D. H. Eby,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) The indictment is sufficient in form and substance. State v. James, 194 Mo. 269; State v. Watson, 141 Mo. 338; Kelley's Crim. Law, sec. 609; R. S. 1899, sec. 1891. (2) In their motion for a new trial, the defendants do not assign as error the admission of improper evidence, nor the refusal to admit proper evidence. So the matter of the admission and exclusion of evidence is not before this court for review. State v. Yandell, 201 Mo. 646. But defendants do assign as error the action of the court in permitting a witness for the State, Mrs. Gones, to testify; her name not being indorsed on the indictment. This court has often held that such a ruling is not error. State v. Barrington, 198 Mo. 23; State v. Myers, 198 Mo. 225; State v. Hottman, 199 Mo. 110. (3) Defendants, in their motion for a new trial, do assign as error the giving of State's instructions 3 and 4. Instruction 3 properly defined the crime of burglary and larceny; it told the jury that both of the defendants could be convicted of both burglary and larceny; both of them could be convicted of either burglary or larceny; and also told the

jury that they could convict or acquit either defendant. Said instruction follows the language of the statute, and the forms prescribed thereby. R. S. 1899, sec. 1891. Instruction 4 properly explained to the jury the breaking necessary to constitute burglary. It has often been held that any breaking into a dwelling for the purpose of committing a felony is burglary. State v. Tutt, 63 Mo. 600; State v. Hecox, 83 Mo. 538; Dennis v. People, 151 Mich. 151; State v. Moon, 62 Kan. 803; Finch v. Com., 14 Gratt. (Va.) 646; State v. Reid, 20 Iowa 421; May v. State, 40 Fla. 426; State v. Conners, 95 Iowa 486. (4) The evidence of the guilt of both defendants was sufficient, especially in the absence of any explanation or contradiction on their part. The presence of both defendants, together, on the road near Mr. Herman's dwelling, a very short while after the commission of the crime, the fact that two negroes were seen a few minutes before coming out of Mr. Herman's front yard, when considered with the flight of both defendants and their possession of all of the stolen property an hour and half later, was conclusive proof of the guilt of both of them. The recent possession of stolen property which was taken at the time of the commission of a burglary, is sufficient to justify the jury in finding that the persons in whose possession the same is found are guilty of the burglary, as well as the larceny. State v. Howard, 203 Mo. 604; State v. Toohey, 203 Mo. 678; State v. James, 194 Mo. 277; State v. Moore, 117 Mo. 404; State v. Owens, 79 Mo. 619; State v. Warford, 106 Mo. 62; 4 Elliott on Evidence, secs. 2725 and 2918; 1 Wigmore on Evidence, sec. 153; 1 Greenl. on Evidence, sec. 34.

GANTT, J.—On October 30, 1907, the grand jury of Ralls county returned an indictment charging the two defendants with burglary and larceny. The offense was alleged to have been committed on the 20th

of October, 1907, and the dwelling house of Utmer Herman burglarized, and certain personal property then and there in the said house stolen and carried away. The defendants were arrested, and at the said October term, 1907, were duly arraigned and entered their plea of not guilty. Afterwards in November, 1907, the defendants were jointly put upon their trial and convicted of both burglary and larceny and their punishment respectively assessed at three years in the. penitentiary for the burglary and two years each for the larceny. After their motions for new trial and in arrest of judgment were filed and overruled, they were duly sentenced in accordance with the verdict of the jury. And from that sentence they have appealed to this court. The indictment is in the ordinary and often-approved form, and hence it is not necessary to reproduce it in this opinion.

The evidence tended to prove that the prosecuting witness Utmer Herman lived in Saverton township in Ralls county, Missouri, and was a farmer. His dwelling house was situated on the Saverton and Frankfort county road, which runs north and south by said farm into the town of Saverton. The house faced east and was about five miles from Saverton. On Sunday, October 20, 1907, Herman and his family, which consisted of himself, his niece, Mrs. Gones, and three children, were at home until about 2:30 in the afternoon. At that time they left the house and went a quarter of a mile to a field to feed some calves. They were gone about two hours and a half, and when they returned discovered that the house had been burglarized during their absence. The outer door was a wire screen door and was closed by hinges and a spring, and the inner door was latched, and the entrance had been effected by pulling open the screens and getting into the house. As soon as Mr. Herman and his family returned to the house they discovered that various boxes and

drawers had been opened and different articles of apparel were scattered around on the floor. An examination disclosed that a gold watch and a white-handle razor belonging to Mr. Herman had been stolen from a dresser drawer. The watch was a gold-filled watch and had attached to it a fob, which made it easy to identify it. Another box had been opened and the razor taken out of it. The watch was shown to be worth twenty-five dollars, and the razor and other articles stolen were worth from thirty-two to thirty-three dollars. The pocket book of Mrs. Gones containing $1.95 in money had also been stolen. Mr. Herman at once armed himself and started in pursuit of the thieves. He rode down the road towards Saverton and overtook the two defendants just as they were coming into town. Both of the defendants were negroes. He ordered the defendants to stop and compelled them to hold up their hands. He called upon Mr. Calvin to assist him and they searched the two defendants in front of Mr. Fisher's house. While searching one of the defendants the other one took off his overcoat and made a motion towards the fence. Mrs. Gones's pocket book was found in the possession of one of the defendants at that time and contained $1.95. The two defendants were then taken on down to the depot in the town and another party was sent back to examine the ground where the defendants were first searched. There on the ground and near the fence in front of Fisher's place, this party found a gold watch and fob and the white-handle razor, which belonged to Herman. Various other articles were found on the person of the defendants, among others a revolver in the sleeve of one of the defendants. Mr. Glasscock was riding that Sunday afternoon by Herman's place and saw and recognized the two defendants walking along the side of the road about two hundred yards from Herman's house,

about four o'clock in the afternoon. And a Mr. Keech testified to seeing two negro men coming out of the front yard.

The defendants offered no evidence. The court instructed the jury on reasonable doubt, the presumption of innocence, and fully instructed them as to the elements of burglary and larceny and directed them that they might find the defendants both guilty or acquit both or find one guilty and the other not guilty accordingly as the evidence justified their verdict. And also instructed them as to the difference between grand larceny and petit larceny and what their verdict should be in case they found the stolen goods were of less value than thirty dollars as to the offence of larceny. The court then gave the following instruction: "The court instructs the jury that if they find from the evidence that the screen door mentioned in the evidence was kept closed by means of hinges and springs attached to the same in such manner that some force was necessary to open said door and that the defendants opened said door by using such force, then the jury can find that there was a breaking of the dwelling house mentioned in the evidence." The defendants excepted to all the instructions given by the court.

I.   The defendants are not represented in this court by counsel. As already said, the indictment is in the long-accepted and approved form and is sufficient. No error is assigned as to the admission or rejection of testimony. The defendants do complain of the action of the circuit court in permitting the State to introduce Mrs. Gones as a witness for the State, because her name was not indorsed on the indictment, but there was no error in this ruling of the court. [State v. Myers, 198 Mo. 225; State v. Hottman, 196 Mo. 110.]

II.   The only assignment of error that calls for

serious consideration is the propriety of the court's instruction in regard to what would constitute a breaking sufficient to constitute burglary. In State v. Tutt, 63 Mo. l. c. 600, it was ruled by this court that "the mere lifting of a latch and so opening a door not otherwise fastened, or pushing upward or lowering a window sash which is held only by a wedge or pulley weight, or raising a trap door meant to be kept down merely by its own gravitation, or procuring by craft, or by threats and intimidation, a person within the house to open the door, is, in legal contemplation, a breaking." And in State v. Hecox, 87 Mo. l. c. 538, it was held that the opening of a door, which is closed and fastened with a chain hooked over a nail, is a sufficient breaking to constitute burglary, provided such breaking was done with intent to steal and carry away property. In Dennis v. People, 27 Mich. 151, the Supreme Court of Michigan decided that the raising of an unlocked transom, which was suspended by hinges at the top, and which was kept in its place by its own weight, was a sufficient breaking to constitute the crime of burglary. To the same effect, see Finch v. Com., 14 Gratt. l. c. 646; State v. Reid, 20 Iowa 421; May v. State, 40 Fla. 426. In State v. Moon, 62 Kan. l. c. 803, it was held that a defendant was guilty of burglary when he opened a wire screen door, the outer door of the room being open and the screen door being held in place by coil springs, when such breaking was done with the intent to commit a felony. And in State v. Conners, 95 Iowa l. c. 486, it was expressly decided that the opening of a screen door with intent to commit a felony in a house was breaking within the meaning of the law of burglary. [5 Am. and Eng. Ency. Law (2 Ed.), 45, and authorities there cited.] Accordingly, we think the circuit court correctly instructed the jury in said instruction.

III. As to the contention that the evidence was not sufficient to sustain the verdict, we think this assignment is without substantial merit. The presence of both of the defendants in the front yard of Mr. Herman's house a short time before the burglary was discovered; the fact that they were seen going together from the house in the direction of Saverton soon after the commission of the crime and were overtaken by Mr. Herman, and the stolen goods found upon their persons showed such recent possession of the stolen property as to justify the presumption that they committed the burglary, in the absence of any satisfactory explanation of the manner in which they came into possession of the said property consistent with their innocence. [State v. Howard, 203 Mo. l. c. 603, 604; State v. James, 194 Mo. l. c. 277, and cases there cited.]

The judgment must be and is affirmed.

*Fox, P. J.,* and *Burgess, J.,* concur.