THE STATE v. JOHN STEWART, Appellant.—44 S. W. (2d) 100.

Division Two, December 1, 1931.

*Edwin Frieze* for appellant; *Neale, Newman & Turner* of counsel.

*Stratton Shartel*, Attorney-General, and *Denton Dunn*, Assistant Attorney-General, for respondent.

WESTHUES, C.—Defendant was charged, by a verified information, filed in the Circuit Court of Dade County, Missouri, on September 29, 1930, with the crime of burglary and larceny. A trial of the case, on October 27, 1930, resulted in a verdict of guilty as follows:

"We the jury find the defendant, John Stewart, guilty as charged in the information and assess his punishment at two years imprisonment." The defendant on the same day filed his motion for a new trial. This motion was overruled by the court and the defendant sentenced. From this judgment defendant appealed.

In view of the fact that a reversal of the case is necessary, only a short statement of the facts will be made. The evidence on part of the State tends to prove that some time during the latter part of November or the early part of December, 1929, a gasoline lamp and pressure pump, of the value of seven dollars, were taken from the building of the Sharon Baptist church, located in Dade County, Missouri. Sometime later the property mentioned was found in the possession of defendant. The sheriff of the county testified that the defendant, when arrested, admitted that he, the defendant, in company with one Burleson, entered the church house in the nighttime and took the lamp. The State also introduced evidence tending to prove that the church building was kept locked.

Defendant, testifying in his own behalf, admitted that he and Burleson entered the church building some time after Christmas, in the year 1929, but stated that their only purpose was to get warm,

the weather being very cold; that they found a fire in the stove and the door of the church building open, and that they entered through this open door. Defendant also testified that while there Burleson took the lamp in question and that later he, Burleson, traded it to the defendant, thus explaining his possession of the stolen property.

The defendant in his motion for a new trial has preserved for our review the following assignments of error:

1. That the information is insufficient and does not charge a felony.

2. That the court erred in not sustaining a demurrer to the evidence.

3. That the court erred in giving instructions numbered one and two on behalf of the State.

4. That the verdict is uncertain and therefore insufficient.

We will discuss propositions number one and two together, since they, to some extent, present the same questions of law. The information is as follows:

"Comes now W. S. Pelts, Prosecuting Attorney, within and for Dade County, in the State of Missouri, upon his official oath informs the court, that John Stewart on the — day of November or December, A. D. 1929, at the County of Dade and State of Missouri into a certain church house and building of the Sharon Baptist Church, there situate and being, feloniously and burglariously, did break and enter, with felonious intent and there, thereby feloniously and burglariously to steal, take and carry away certain wares, goods and merchandise, other valuable things, and personal property in the said church building, then and there kept and deposited, and in said church building one gasoline lamp and pressure pump of the value of $7.00 of the goods and wares and merchandise and other valuable things, and personal property of the said Sharon Baptist Church, and building then and there being found, then and there feloniously and burglariously did steal, take and carry away, with the felonious intent then and there to permanently deprive the owner of the use thereof and to convert the same to his own use; against the peace and dignity of the State."

It will be noted that the State's evidence substantially supports the charge as made in the information. It is defendant's contention that the charge, if true, constitutes a misdemeanor, and cites Section 4052, Revised Statutes 1929, as authority for that position. On an examination of Section 4052 it will be found that the essence of the acts, constituting a misdemeanor, as set forth in the section referred to, is the wrongful breaking into or entering any building used for religious or educational purposes. It is a well known fact that as a general rule church and school buildings stand alone and are unoccupied a

greater part of the time. For this reason we think the above section was enacted to protect this property against trespassers who, without permission, make use of these buildings for camping or some other purpose not in itself criminal. This section does not take school and church buildings out of Section 4048, Revised Statutes 1929, which provides that "every person who shall be convicted of breaking and entering any building . . . in which there shall be at the time . . . any goods, wares, merchandise or other valuable thing kept or deposited, with the intent to steal or commit any crime therein, shall, on conviction, be adjudged guilty of burglary in the second degree." We, therefore, rule this point against the appellant and hold that church and school buildings come within the provision of Section 4048.

It is next urged that the information is defective and the proof insufficient for the reason that there is no allegation or proof that the Sharon Baptist church is a corporation, co-partnership or voluntary association. The information alleges that the property is the property of the Sharon Baptist church. The proof as testified to by one of State's witnesses without objection is as follows: "Q. Tell the jury whose property this was. A. It belonged to the Sharon Baptist church, in the care of the deacons." The gist of the crime charged is the felonious breaking into the church building and stealing property kept therein. The fact that the church building belonged to an individual, a corporation, a co-partnership or a voluntary association, would not change the character or grade of the offense one iota. The charge as made and the proof in support thereof on that point is definite and certain. A conviction thereon would be a complete bar to any further prosecution for the offense. If the alleged defect be an imperfection it does not prejudice any substantial rights of the defendant upon the merits of the case. The information and proof as to that question are therefore sufficient. Section 3563, Revised Statutes 1929, State v. Carson, 18 S. W. (2d) l. c. 460, and authorities there cited.

Defendant also urges that the evidence is insufficient to support the charge of burglary. The State introduced evidence tending to prove that the church building was kept locked when not in use. It is admitted by defendant that he was present in the church when the lamp was taken. The sheriff testified that the defendant said, shortly after his arrest, that the defendant and Burleson entered the church building in the night time. We hold the evidence sufficient to submit the question of burglary to the jury. [State v. Owsley, 111 Mo. 450; State v. Yandle, 66 S. W. 532, 166 Mo. 589.] Since the evidence is circumstantial as to the burglary, a circumstantial evidence instruction should have been given. If the defendant entered the church building by opening a closed door

or window, with the intent to commit a larceny therein, he is guilty of burglary. If defendant, after such entry, commits larceny while in the building, then the larceny is punishable by imprisonment in the penitentiary, even though the value of the property taken be less than thirty dollars. [Sec. 4056, R. S. 1929; State v. Yandle, supra.] If, however, the church door was open, and the defendant entered through the opened door and appropriated the lamp to his own use, then he is guilty of petit larceny. ([State v. Henderson, 212 Mo. 208, 110 S. W. 1078 and cases cited; State v. Thompson, 137 Mo. 620, 39 S. W. 83.] Appropriate instructions should be given submitting these various questions to the jury.

Defendant next complains of instruction numbered one. This is what is usually termed the main instruction, authorizing a conviction if the jury finds certain facts to be true. Such an instruction to authorize a conviction should require the jury to find every fact necessary to constitute the essential elements of the crime charged. In this the instruction fails in several respects. Two imperfections will be noted. It does not require the jury to find that the crime was committed in Dade County, neither does the instruction require the jury to find as to the larceny charge, that defendant carried away the property mentioned with the intention of appropriating it to his own use and to deprive the owner thereof. On a retrial an instruction should also be given authorizing the jury to find the defendant guilty or not guilty of either or both of the offenses charged.

Instruction numbered two, complained of by the defendant, tells the jury that to constitute a breaking in connection with the crime of burglary it is not necessary that any great amount of force be used, that the raising of a sash, the taking out of a glass, or the bursting of a bolt or lock to effect an entrance constitutes a breaking within the meaning of the law. The only objection to this instruction is that it is broader than the evidence. We do not deem it prejudicial to the defendant. Upon a retrial an instruction should be given omitting the objectionable parts. The jury should be instructed what constitutes a breaking within the meaning of the law and within the scope of the evidence. [State v. Henderson, supra.]

The defendant was charged with burglary and larceny. The instructions authorized a conviction of both offenses. A general ·verdict, therefore, finding the defendant guilty, as charged in the information, is insufficient for uncertainty. The verdict must specify the offense of which the jury finds the defendant guilty. If they find him guilty of both, then the jury should fix a separate punishment for each offense. For a full discussion of this question see State v. Rowe, 142 Mo. 439, 44 S. W. 266, and

State v. McHenry, 207 S. W. 808. The verdict is also incomplete as it fails to state where the defendant is to be imprisoned. This imperfection, however, is not a fatal defect.

For the errors indicated the judgment of the circuit court is reversed and the cause remanded for a new trial. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All of the judges concur.