**STATE of Missouri, Respondent,**

v.

**Thomas BARTON, Appellant.**

**No. 50176.**

Supreme Court of Missouri,

Division No. 2.

June 8, 1964.

No attorney for appellant.

Thomas F. Eagleton, Atty. Gen., Jefferson City, George W. Cady, Sp. Asst. Atty. Gen., St. Louis, for respondent.

BARRETT, Commissioner.

In April 1961 Thomas Barton entered a plea of guilty in the Circuit Court of Dunklin County to a charge of burglary and larceny and was sentenced to two years' imprisonment for the burglary and two years' imprisonment for the larceny, the sentences to run concurrently. "Claiming a right to be released" from the burglary sentence only Barton filed a motion to vacate that part of the judgment and sentence, the court denied the motion without a hearing and he has appealed. At the appellant's request the circuit court has approved and there has been lodged in this court a transcript consisting of the preliminary proceedings in magistrate court, the information, sentence, judgment, the motion to vacate and most importantly a transcription of the proceedings upon his plea of guilty and sentence on April 10, 1961. There are five paragraphs in his motion to vacate but they are all directed to two claims, one, that in violation of his constitutional rights he was "allowed * * to proceed in this case without counsel" and even though he had said he did not desire or need counsel "the court * * * chose to take * * * unfair advantage of this circumstance and to award a felony sentence and judgment in a misdemeanor case," and, second, that the burglary of a schoolhouse, with which he was charged was a misdemeanor, not a felony, and therefore the court erroneously and improperly sentenced him to two years' imprisonment for that offense.

As to the first claim, failure of the court to appoint counsel, the transcription of the proceedings upon his plea of guilty reveals that the court plainly and fully explained to Barton the charge, told him that he was entitled to a trial by a jury and, despite Barton's interruption "I'm guilty, Your Honor," the court proceeded to tell him that "(y)ou are also entitled to have the services of an attorney to advise with you and represent you before you take any action in this case, and you are not required

to take any action today. The services of an attorney are often very helpful to persons charged with a crime of this kind. If you have no attorney and are unable to employ one, the court will appoint an attorney for you if you want one." Repeatedly the appellant declined the offer of an attorney or a jury trial and, despite some illiteracy, the appellant fully understood the nature of the charge and the proceedings and advisedly waived the right to counsel. Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Annotation 9 L.Ed.2d 1260, 1262, "It may be implied from the Supreme Court's opinions that an accused in a state prosecution may waive his right under the Fourteenth Amendment to be represented by counsel, provided that such waiver is intelligently and understandingly made." The proceedings followed by the court are almost identical with those in State v. McDonald, Mo., 343 S.W.2d 68, where all the relevant state and federal cases are collected, and no unfair advantage was taken of the appellant and his constitutional rights, including his right to counsel, were not infringed.

 All in one count (V.A.M.S. § 560.110) Barton was charged with feloniously breaking into and entering "the Arbyrd School" and stealing $245.50 in cash. In addition to the regular second degree burglary statute, "Every person who shall be convicted of breaking and entering any building * * * in which there shall be at the time any * * * goods, wares, merchandise or other valuable thing kept or deposited with the intent to steal * * * shall * * * be adjudged guilty of burglary in the second degree," V.A.M.S. § 560.070, there is a misdemeanor statute, "Every person who shall wrongfully break into or enter any schoolhouse * * * shall be adjudged guilty of a misdemeanor,"

V.A.M.S. § 560.090, and shall be punished by a jail sentence, or a fine. Since upon its face the information charged that Barton burglarized "the Arbyrd School," it is his contention that he was guilty of a misdemeanor only, that the felony sentence is void and infringes his constitutional rights. It is only in this regard that Barton claims that he was unfairly deprived of the effective aid of counsel; that counsel would have known that he was guilty of a misdemeanor only rather than a felony and accordingly would have protected his rights. The difficulty with the appellant's contention is that he was not charged with the mere misdemeanor of "wrongfully" breaking into a schoolhouse, he was charged with the felony of breaking into a "building" in which "other valuable thing(s) (were) kept * * * with intent to steal." State v. Stewart, 329 Mo. 265, 44 S.W.2d 100. A "building" is a structure temporarily or permanently occupied or used for the storage of personal property for safekeeping. A "schoolhouse" fits this definition and it fits the designation in the felony burglary statute of "any other building." Annotation 78 A.L.R.2d 778 "What is a 'building' or 'house' within burglary statutes."

 Thus upon the face of the motion and "files and records of the case" before the court a hearing was not demanded, (Sup.Ct. Rule 27.26) and the appellant was entitled to no relief and for the reasons indicated the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.