**STATE of Missouri, Respondent,**

**v.**

**Floyd Andrew Bedford GRAY, Appellant.**

**No. 51210.**

Supreme Court of Missouri,
Division No. 1.

Oct. 10, 1966.

Norman H. Anderson, Atty. Gen., Richard C. Ashby, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

On December 15, 1961, appellant pleaded guilty to a charge of burglary in the second degree with seven prior convictions and, under Section 556.280 V.A.M.S., was sentenced by the court to five years' imprisonment. He proceeded under Criminal Rule 27.26, V.A.M.R. to vacate that judgment and sentence and has appealed from the order denying his motion without a hearing.

Respondent shows that defendant has been duly paroled from the penitentiary and moves to dismiss this appeal contending that by virtue of his parole, appellant is no longer "[a] prisoner in custody under sentence" as required by Criminal Rule 27.26 of one who would proceed under the rule. Respondent relies on State v. Brookshire, Mo., 377 S.W.2d 291, holding that an unconditional commutation of sentence executed by the governor rendered moot all questions presented on appeal from a judgment denying relief on a motion to vacate under Criminal Rule 27.26, requiring dismissal of the appeal. The rationale is that one who has been unconditionally released from the sentence he attacks "has already received all of the relief afforded him by reason of Rule 27.26." 377 S.W.2d l. c. 292[2].

It is a different situation, however, when the appellant is paroled during his appeal from an order denying his motion to vacate. Section 549.261[3] V.A.M.S. provides: " * * * Every prisoner while on parole shall remain in the legal custody of the institution from which he was released but shall be subject to the orders of the board." And the order of parole in addition to imposing conditions and limitations upon appellant's freedom, directed that the parolee "shall remain in the custody of the Missouri State Department of Corrections, but shall be amenable to the orders of the Board of Probation and Parole until date of expiration, or until returned to the Missouri State Department of Corrections * * *." In State v. Baker, 355 Mo.

1048, 199 S.W.2d 393, a prisoner who escaped while taking a walk on the prison farm with permission of the guard was in "custody" within the statute defining escape from prison. "Custody" was said to refer "not only to the actual corporeal and forcible detention of a prisoner, but also to measures whereby one person exercises any control over the person of another which confines such other person within certain limits." 199 S.W.2d 1. c. 396[7]. And for purposes of habeas corpus, "any restraint which precludes freedom of action is sufficient, and actual confinement in jail is not necessary." Hyde v. Nelson, 287 Mo. 130, 229 S.W. 200, 202[2, 3], 14 A.L.R. 339.

Criminal Rule 27.26 is substantially the same as the federal statute, 28 U.S.C.A. § 2255, State v. Thompson, Mo., 324 S.W.2d 133, 135[1]. Under the federal rule the right to attack a sentence is available when the movant is "a prisoner in custody under [the] sentence," and "a convict, paroled under Chapter 311 of Title 18 U.S.C., is 'in legal custody,' because § 4203 expressly so declares; and on that account it is conceivable that Bradford might have been in position to review his conviction by habeas corpus or § 2255, if he had been paroled." United States v. Bradford, 2 Cir., 194 F.2d 197, 200[4]. That case also said that 28 U.S.C.A. § 2255 "should be read as coextensive in substance with the writ (of habeas corpus), and as confined to amending the procedure; and it follows that in it the word, 'custody,' has the same meaning as in habeas corpus," 194 F.2d 1. c. 200[3]. Bradford was denied relief under both provisions because he had served his sentence and therefore was not in "custody" within the meaning of either provision. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, was a federal habeas corpus proceeding where the petitioner was convicted in a Virginia state court and confined in the penitentiary. He urged an invalid conviction as his ground for release and relief. The petitioner was paroled while the matter was pending under conditions similar to those governing appellant, and the Court of Appeals dismissed the case as moot. The Supreme Court reversed, holding that the parolee was in custody and entitled to be heard: "While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in 'custody' of the members of the Virginia Parole Board within the meaning of the habeas corpus statute * * *." 371 U.S. 1. c. 243, 83 S.Ct. 1. c. 377. Under these authorities appellant is clearly "a prisoner in custody under sentence" for the purpose of invoking Criminal Rule 27.26, and respondent's motion to dismiss is overruled.

■ Respondent has also moved to dismiss this appeal on the ground that appellant's notice of appeal was not timely filed. The record affirmatively shows, however, that the notice of appeal was filed not later than ten days after the judgment or order appealed from became final, Civil Rule 82.04, V.A.M.R., and that motion is also overruled.

Defendant pleaded guilty "as charged" in an information filed December 8, 1961, which charged Floyd Andrew Bedford Gray with seven prior felony convictions and "That thereafter the aforesaid, Floyd Andrew Bedford Gray and Edward Nelson, on November 22, 1961, at the City of St. Louis aforesaid, into a certain school or building of Eugene Field School, situated at No. 4466 Olive Street, there situate and being, in which divers goods, wares, merchandise or other valuable things were then and there kept and deposited, feloniously and burglariously, forcibly did break and enter, with felonious intent then and there, and thereby feloniously and burglariously to steal, take and carry away the goods, wares, merchandise or other valuable things, or personal property, in the said school or building, then and there kept and deposited; contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State."

In his motion to vacate appellant admits, as did his plea of guilty, that he entered the school building and that there were divers goods, wares, merchandise and other valuable things kept and deposited there. The motion also acknowledges and the record shows that appellant had appointed counsel and that he was represented by the public defender at the time he entered his guilty plea. Even so, appellant states that "not one item was moved out of place when the police arrived and placed the defendant and Nelson under arrest. The purpose for entering the building was not established as charged * * *. For this cause the defendant feels the most the charge could have called for was 'Breaking and Entering,' a misdemeanor, and not 2nd Degree Burglary as filed * * *, and for which he was advised by his Court-appointed attorney to enter a plea of 'guilty.'" Proceeding from this, appellant argues that he was never charged with the crime of second degree burglary; that he was therefore improperly denied a hearing in which he would have demonstrated that he was denied effective assistance of counsel in that with adequate representation he would have been advised to limit his guilty plea to a misdemeanor charge of breaking and entering rather than to plead guilty to burglary, second degree.

Appellant's contention must fail because his premise is faulty. He was admittedly represented by counsel and the information to which he was advised to plead guilty sufficiently charged all the necessary elements of burglary in the second degree involving a school building. State v. Stewart, 329 Mo. 265, 44 S.W.2d 100, 102[1]; State v. Barton, Mo., 379 S.W.2d 562, 564[2, 3]; State v. Parks, Mo., 331 S.W.2d 547, 549[2, 3]. Appellant's plea admitted all such elements sufficiently charged, State v. Small, 313 Mo. 66, 280 S.W. 1033, 1034[1], State v. Kelley, 206 Mo. 685, 105 S.W. 606, 608[3], which would include, of course, the charged breaking and entering and felonious intent, and the crime of burglary being then consummated would

not be affected even if "not one item was moved out of place." State v. Bailey, Mo., 383 S.W.2d 731, 734[4].

It is unnecessary to discuss cases cited as authority by appellant because State v. Barton, supra, directly and completely answers the same contention made by appellant:

"All in one count (V.A.M.S. § 560.110) Barton was charged with feloniously breaking into and entering 'the Arbyrd School' and stealing $245.50 in cash. In addition to the regular second degree burglary statute, 'Every person who shall be convicted of breaking and entering any building * * * in which there shall be at the time any * * * goods, wares, merchandise or other valuable thing kept or deposited with the intent to steal * * * shall * * * be adjudged guilty of burglary in the second degree,' V.A.M.S. § 560.070, there is a misdemeanor statute, 'Every person who shall wrongfully break into or enter any schoolhouse * * * shall be adjudged guilty of a misdemeanor,' V.A.M.S. § 560.090, and shall be punished by a jail sentence, or a fine. Since upon its face the information charged that Barton burglarized 'the Arbyrd School,' it is his contention that he was guilty of a misdemeanor only, that the felony sentence is void and infringes his constitutional rights. It is only in this regard that Barton claims that he was unfairly deprived of the effective aid of counsel; that counsel would have known that he was guilty of a misdemeanor only rather than a felony and accordingly would have protected his rights. The difficulty with the appellant's contention is that he was not charged with the mere misdemeanor of 'wrongfully' breaking into a schoolhouse, he was charged with the felony of breaking into a 'building' in which 'other valuable thing(s) (were) kept * * * with intent to steal.' State v. Stewart, 329 Mo. 265, 44 S.W.2d 100. A 'building' is a structure temporarily or permanently occupied or used for the storage of personal property for safekeeping. A 'schoolhouse' fits this definition and it fits the designation in the

felony burglary statute of 'any other building.' Annotation 78 A.L.R.2d 778 'What is a "building" or "house" within burglary statutes.'" 379 S.W.2d 1. c. 564 [2, 3].

And since appellant's contention was thus determinable from the face of the motion and the "files and records of the case" before the court, a hearing was not required, Rule 27.26, supra; appellant was entitled to no relief, and the judgment is affirmed. State v. Barton, supra, 379 S.W. 2d 1. c. 564[4].

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.