STATE of Missouri, Respondent,

v.

Charles Ganing RHODES, Appellant.

No. 51922.

Supreme Court of Missouri,
Division No. 1.

Nov. 14, 1966.

060, which also was repealed by the 1963 Act.

Norman H. Anderson, Atty. Gen., Jefferson City, Joseph S. Boland, Sp. Asst. Atty. Gen., Clayton, for respondent.

William J. Shaw, William H. Crandall, Jr., Clayton, for appellant.

HOUSER, Commissioner.

Charles Ganing Rhodes was charged with and convicted of one prior felony conviction and burglary second degree and stealing. He was sentenced to three years' imprisonment on each charge, the sentences to run concurrently. He has appealed, claiming that the Habitual Criminal Act is unconstitutional; that the Court erroneously defined the word "doubt" in an instruction, and that the State failed to make a submissible case of burglary second degree.

■ The constitutionality of the Habitual Criminal Act is challenged on the ground that it deprives the defendant of his right to have a jury decide the factual issues in a criminal cause. "This and other similar attacks upon the constitutionality of § 556.-280 have been ruled adversely to the defendant in the following cases: State v. Morton, Mo.Sup., 338 S.W.2d 858; State v. Griffin, Mo.Sup., 339 S.W.2d 803; State v. Wolfe, Mo.Sup., 343 S.W.2d 10; State v. Williams, Mo.Sup., 343 S.W.2d 58, and State v. Brownridge, Mo.[Sup.], 353 S.W.2d 715. Since the point has been previously decided by this court we need not extend this opinion by further discussion thereof." State v. Deutschmann, Mo.Sup., 392 S.W.2d 279, 286.

■ Instruction No. 10, on the presumption of innocence and reasonable doubt, concluded with a paragraph in which the jury was instructed that " ' * * * a doubt to authorize an acquittal on that ground ought to be a substantial doubt,' touching the defendant's guilt, and not a mere possibility of his innocence." Defendant claims that this lessens the burden of proof on the state; presupposes a legal impossibility, and is a comment on the evidence. These same complaints were ruled adversely to the defendant in State v. Drake, Mo.Sup., 298 S.W.2d 374. Upon reexamination of the point we find no reason to change our opinion and reiterate what was said there.

The contention that the state failed to make a submissible case of burglary second degree is based solely on the contention that there was a failure to prove forcible entry, either directly or circumstantially. Defendant points out that there were no pry marks or other physical damage to any entryway; that the state did not show that

all doors and windows were checked before the last person left the house prior to the entry; and that there was no other evidence of the exercise of force to effect an entry into the house. Defendant cites State v. Ewing, Mo.Sup., 298 S.W.2d 439, for the rule that to sustain a charge of second degree burglary it is necessary to show directly or circumstantially that some force was used to effect entry. The distinguishing difference between the facts in State v. Ewing and this case is that in Ewing there was no evidence that the door and window were closed prior to the time defendant entered the building, whereas here there was evidence that the door was locked when the workman left and defendant himself admitted that the door was closed when he and the other two men arrived on the premises.

■ Unlocking and opening a locked door, or pushing open a door which is shut but neither locked nor latched, 12 C.J.S. Burglary § 3; or the opening of a closed door, State v. Stewart, 329 Mo. 265, 44 S.W.2d 100, or the opening of an unlocked door, State v. Fritz, Mo.Sup., 379 S.W.2d 589, and cases cited, l. c. 590, is sufficient to render an entry thus effected burglary, if done with intent to commit burglary.

At 10:10 p. m. on the night of the taking the stolen property was last seen on the premises by a workman, Willie Space, who left the residence in question at that time. He left by the den door at the back of the house. As he left he locked the den door. The property was found in the possession of defendant, one Robinson and another man at 4:20 the following morning. At 8:15 a. m. a police officer checked the doors and windows of the house and found the den door insecure; it was closed but unlocked. In an oral statement to the police defendant said that he, one Robinson and another man entered the house; that the door through which they entered was closed; that it was not forced; that he did not know if Robinson had a key or not or exactly how Robinson got into the house; that the defendant was "about the last one to get in."

■ The evidence is sufficient to show that defendant, with intent to steal this particular property, gained entrance to the building by the act of his confederate Robinson opening a closed door. Robinson's act in opening the closed door was the act of the defendant, both having been engaged in a common undertaking. Whether the door was locked when they arrived and was unlocked by Robinson, or was unlocked upon arrival and was merely opened, is immaterial. That there were no pry marks, physical damage or other evidence of exercise of force, is immaterial. The material facts are that the door through which entry was effected was closed when they arrived, was opened by Robinson and used by defendant.

Examination of the record as required by Criminal Rule 28.02, V.A.M.R. discloses no error.

The judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.